STATE OF ALASKA

1

THE ALASKA PUBLIC UTILITIES COMMISSION

2

Before Commissioners:                    Sam Cotten, Chairman
3                                         Don Schröer
                                          Alyce A. Hanley
4                                         Dwight D. Ornquist
                                          Tim Cook
5

In the Matter of the Petition of    )
6 CI COMMUNICATIONS CORP. for        )
Arbitration Under Section 252 of the )          U-96-89
Communications  Act of 1996 with the )
MUNICIPALITY OF ANCHORAGE a/k/a ATU  )
TELECOMMUNICATIONS for the Purpose of)
Instituting Local Exchange Competition)
9 _____ )


10

            ALASKA PUBLIC UTILITIES COMMISSION
11                  HEARING ROOM

12               November 26, 1996
                 9:05 o'clock a.m.
13

                    VOLUME VII
14

BEFORE:        PATRICIA CLARK, HEARING OFFICER

AND:           SAM COTTEN, CHAIRMAN, APUC
               DON SCHRÖER, Commissioner, APUC
17             ALYCE A. HANLEY, Commissioner, APUC
               DWIGHT D. ORNQUIST, Commissioner, APUC
18             TIM COOK, Commissioner, APUC

19
APPEARANCES:
20
   FOR GCI:               MR. MARK MODEROW
21                        Corporate Counsel
                          General Communication, Inc.
22                        2550 Denali Street, Suite 1000
                          Anchorage, Alaska 99503
23                        (907) 265-5602

24

25

Exhibit  2
Page  1  of 22

```
APPEARANCES (CONTINUED):
1
     FOR ATU:                    MR. ROBERT L. VASQUEZ
2                                General Counsel
                                 ATU Telecommunications
3                                600 Telephone Avenue
                                 Anchorage, Alaska 99503-6091
4                                (907) 564-1627

5   FOR AT&T ALASCOM:            MR. JULIAN L. MASON, III
                                 Ashburn & Mason
6                                Attorneys at Law
                                 1130 West Sixth Avenue
7                                Suite 100
                                 Anchorage, Alaska 99501
8                                (907) 276-4331

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit     2
Page  2  of  22

1                    P R O C E E D I N G S

Tape 1

9011

4        (On record - 9:05 a.m.)

5        HEARING OFFICER CLARK:  Good morning.  It's
approximately 9:00 a.m. November 26th, 1996, in the
Commission's Hearing room in Anchorage, Alaska.  This is the
time and the place set for a prehearing conference In the
Matter of the Petition by GCI COMMUNICATION CORP. for
Arbitration under Section 252 of the Telecommunications Act of
1996 with the MUNICIPALITY OF ANCHORAGE doing business as
ANCHORAGE TELEPHONE UTILITY also known as ATU
TELECOMMUNICATIONS for the Purpose of Instituting Local
Exchange Competition given Docket Number U-96-89.

15        This matter came before the Commission on by Order
U-96-89(1) dated September 17th.  The Commission granted the
request to establish arbitration procedures.  Those arbitration
procedures have been established on an expedited schedule given
the fact that it is necessary for the Commission to issue a
determination in this proceeding no later than December 15th,
1996.

22        By Order U-96-89(5) and with the telephonic approval of
both parties in this proceeding the Commission determined that
it would set a prehearing conference for today.  And I

25

R & R  C O U R T  R E P O R T E R S

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982    272-7515

ANCHORAGE, ALASKA 99501

Exhibit    2
Page  3   of  22

certainly appreciate both Counsel being available on such short notice.

3      The Commission determined that it will accept both oral and written arguments from the parties in this proceeding regarding the arbitrator's recommended decision. And the purpose of the prehearing conference this morning is to establish a procedural schedule for the submission of both the oral and written comment.

9      Patricia Clark, Hearing Officer for the Commission, presiding. Commissioners Tim Cook, Dwight D. Ornquist, Alyce

11 Hanley, Don Schröer and Chairman Sam Cotten are present for the Prehearing Conference this morning.

13     At this time I would like to take the appearances of the parties. Appearing on behalf of GCI?

15     MR. MODEROW:  Mark Moderow on behalf of GCICC, Assistant Corporate Counsel. I have with me, Director, Rick Hitz, of Rates and Tariffs.

18     HEARING OFFICER CLARK:  Thank you, Mr. Moderow. And appearing on behalf of ATU?

20     MR. VASQUEZ:  I'm Bob Vasquez, General Counsel for Anchorage Telephone.

22     HEARING OFFICER CLARK:  I note the presence of at least one other individual, although not a party. Representing ATT Alascom?

25

R & R COURT REPORTERS

810 N STREET              1007 WEST THIRD AVENUE
277-0572/Fax 274-8982     272-7515

ANCHORAGE, ALASKA 99501

Exhibit ___2___
Page __4__ of _22_

589

1      MR. MASON:  Julian Mason.

2      HEARING OFFICER CLARK:  Thank you, Mr. Mason.

3      Okay.  I do have a proposed schedule by the Commission
regarding some of these issues and I need input from the
parties regarding whether or not this is workable.  First,
although the Arbitrator's recommended decision is not due with
the Commission until December 1st, the Commission has received
information that the Arbitrator's recommended decision may be
available as soon as November 27th, which is tomorrow, given
that the Commission is interested in, perhaps, receiving
comments regarding that decision from the parties by the 3rd of
December.  Mr. Moderow, is that feasible?

13     MR. MODEROW:  On the identified issues they have all
been decided but for the operation support issues which we are
currently working toward a stipulation.  So I would say that
having them all complete by Friday of this week would be easily
accomplished.  And in terms of comments by the 3rd we could do
that.  I think we should discuss the scope of the comments
before we adjourn today.

20     It is not GCI's intent to challenge any of the
Arbitrator's decisions, so I guess if that is true, then it
would be what else do we need comment on.

23     HEARING OFFICER CLARK:  Okay.  Well, why don't we
reverse this then, and rather than talking about the schedule

25

R & R  C O U R T  R E P O R T E R S

810 N STREET              1007 WEST THIRD AVENUE
277-0572/Fax 274-8982     272-7515

ANCHORAGE, ALASKA  99501

Exhibit  2
Page  5  of  22

590

first let's talk about the scope of the comments.

2       What the Commission wants in terms of both written and
oral argument is for the issues to be addressed issue by issue.
4There may not be a dispute regarding a particular issue, at
least initially.  And the Commission foresees that if the
Arbitrator would, in fact, rule in one party or another's favor
there may not be the necessity for making opening comments.
However, after reading the comments filed by the other party
the party may, indeed, wish to submit some reply or rebuttal
comments to that and the Commission is willing to entertain
those.

12      I  mean is there something other than the specific
issues presented to the Arbitrator that.....

14      MR. VASQUEZ:  We would like to make your job a whole
lot easier.  I don't think either party has any intention of
challenging the decisions of the Arbitrator.  I will fight
about anything that Mark wants to fight about, but at this
point in time I think we're willing to accept the decisions the
Arbitrator has made.  GCI has indicated that they are so
willing to do.  And we have no intention of filing any written
or oral arguments concerning the decisions.  We're willing to
accept the package as it's been presented, however, if GCI
should choose to argue about any of them, then we would
certainly be willing to argue about the ones that we lost, but

25

R & R COURT REPORTERS

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982     272-7515

ANCHORAGE, ALASKA  99501

Exhibit ____2____
Page __6__ of __22__

591

from what Mark and I have been talking about over the last couple of days, neither party has any intention of challenging the Arbitrator's decisions.

4         HEARING OFFICER CLARK:  Mr. Moderow?

5         MR. MODEROW:  I would -- I guess my comments were in the context, the Act Section 252(c) says that this Commission in approving the agreement, the arbitrated agreement, needs to consider three things and make findings on three things.  First is the consistency of the agreement with Section 251.  That would be an area that one of us could attack if we chose.  I mean as a matter of procedure, but it's not our intent or ATU's intent as stated to attack that.  If you wanted further comment on that, you know, we could do that.

14       The second thing is that you must set rates.  Well, the agreement that we're working toward giving you and the Arbitrator's decisions did set rates so that's a box that can be checked.

18       And then the last one that will require some attention by the Commission is that you are required to set an implementation schedule.  In other words, when will this commence, when can things happen.  I wouldn't say that would be contentious.  There's no -- Bob and I have talked.  It's one of those things that got left to now, so there will be some discussions on the schedule of implementation.  But those are

25

Exhibit ___2___
Page ___7___ of __22__

592

the three things that would then be before you if we aren't
attacking the exact decisions.

3        And so, I guess, my comments if I filed them on the 3rd
would be to inform you that in our opinion the decisions of the
Arbitrator and, therefore, the terms of the agreement do
conform with the Act.  They do set rates.  And it would be
proposing a schedule.  And Bob and I are going to talk to try
to propose one jointly, so that would be one place where maybe
our comments would diverge to some small extent.

10       MR. VASQUEZ:  You said it all.

11       HEARING OFFICER CLARK:  Anything further, Mr. Vasquez?

12       MR. VASQUEZ:  No.

13       HEARING OFFICER CLARK:  Well, the position now taken by
the parties is certainly different than the reason for which
the prehearing conference has convened and, therefore, I would
recommend taking a brief recess to allow the Commission to
adjudicate this issue as presented by the parties.
Chairman Cotten?

19       CHAIRMAN COTTEN:  I'd yield to the docket manager at
this point, but I do have a question.

21       COMMISSIONER COOK:  Go ahead with your question.

22       CHAIRMAN COTTEN:  So it's my understanding that the
parties -- neither party wishes to dispute the Arbitrator's
decision, therefore, any opportunity for oral argument on those

25

Exhibit  2
Page  8  of  22

593

decisions appears to be declined.  Did I read that correctly?

2      UNIDENTIFIED VOICE:  I believe so.

3      MR. MODEROW:  I would say on that point, yes.

4      CHAIRMAN COTTEN:  But I also wasn't certain, but it sounded as though you may have a desire for oral argument or discussion on other points.  For example, the three that Mr. Moderow discussed, the consistency with 251, the setting of the gates and the implementation schedule, so did I understand you correctly that you wish to have an opportunity to discuss those at some point?

11     MR. MODEROW:  I don't think it's so much in the nature of argument as in aiding the Commission.  The Commission to issue its approval order must check these boxes.  And -- I mean that's a requirement of the Act, that you say, we've examined these and they comply with the Act.  And it would seem to me that since that isn't the context in which we've argued it in front of the Arbitrator and it's not in terms of the -- and it's not contained in the decision that we could give brief argument, not against each other, but in furtherance of a joint purpose of an approval of the agreement so that you have an adequate record to make the findings.

22     CHAIRMAN COTTEN:  Madame Hearing Officer, I want to just follow up on that.  So those standards reflect the requirement for the final decision or the final arbitration,

25

Exhibit ___2___
Page _9_ of _22_

594

which is different than what might be considered between the
2nd of December and the 15th of December, is that correct?

3      MR. MODEROW:  No, no, those go to the Commission's
approval.  The way it's set up first, is there's an arbitration
leading to the arbitrator's decision.  And then the Commission
as the State Commission, the regulatory body, must approve that
arbitrated agreement.  And that's where these three standard
applies.

9      CHAIRMAN COTTEN:  And the deadline for approving that
arbitrated agreement, in your opinion, is?

11      MR. MODEROW:  You're absolutely safe on the 13th of
December.  And I have not researched in detail whether the
tolling statutes apply so that a deadline filing on a Sunday
would allow you until the 16th.  I don't want to opine on that.
It would seem appropriate that you could do it on the 16th, but
I think you are absolutely safe approving the agreement on the
13th.

18      CHAIRMAN COTTEN:  So it sounds like there's still some
uncertainty at least on your part -- yeah, it sounds like your
opinion differs from mine as to the requirements involved here.
It's my understanding that this Commission has until the 13th,
if you will, to make a final arbitration ruling.  The
Commission has elected to be the final arbitrator.  And
we've.....

25

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982    272-7515

ANCHORAGE, ALASKA  99501

Exhibit       2
Page  10  of  22

595

1    MR. MODEROW:  Well, that.....

2    CHAIRMAN COTTEN:   .....solicited and contracted for an
Arbitrator to give us a recommended decision.

4    MR. MODEROW:  Right.  The deadline that runs on the
15th, 13th, 16th, is in my opinion the approval of the
arbitrated agreement.  It's not the arbitrated agreement.  It's
the approval of the arbitrated agreement.

8    CHAIRMAN COTTEN:  That's correct.

9    MR. MODEROW:  And that is done by this State Commission
sitting as a State Commission.

11    CHAIRMAN COTTEN:  That's correct.

12    MR. MODEROW:  Now, you have chosen to be the final
arbiters of the arbitrated agreement.  It could be argued that
that is a separate procedure.  I mean I'm not saying that it
is, but it could be argued that that is a separate procedure.
In many states the only arbiter or arbitrator is the one
conducting the initial proceeding, and then the state
commission doesn't sit on anything except as a state commission
approving the agreement.  And by naming yourselves as the final
arbitrators, arbiter, you have kind of made a hybrid out of the
two procedures.  To the extent that you are saying you consider
you're sitting as the final arbiter is the approval process,
then that's all you would need to do.  I think you just have to
make sure your order says that, that you are sitting as final

25

R & R  C O U R T  R E P O R T E R S

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982      272-7515

ANCHORAGE, ALASKA  99501

Exhibit  2
Page  11  of  22

-596

arbitrators in approval of the agreement.  The word of the
statute, I believe, is approval required under 252(e).  Any
interconnection agreement adopted by negotiation or
arbitration, so in other words, it's been adopted by
arbitration, shall be submitted for approval to the State
Commission.  So I guess I'm splitting hairs.  I just want to
make sure that we check all the correct boxes.

8       CHAIRMAN COTTEN:  Let me try one more time.

9       COMMISSIONER COOK:  No, go right ahead.

10      CHAIRMAN COTTEN:  When would your comments be most
appropriate, before the 13th or after?

12      MR. MODEROW:  Before.  I think you have to make the
decision.  And these three standards go to the approval.

14      CHAIRMAN COTTEN:  I yield the floor.

15      HEARING OFFICER CLARK:  Commissioner Cook?

16      COMMISSIONER COOK:  Thank you.  Read that Section 251
again, please.

18      MR. MODEROW:  252(e).

19      COMMISSIONER COOK:  Uh-hum.

20      MR. MODEROW:  Approval by State Commission.  Approval
required.  Any interconnection agreement adopted by negotiation
or arbitration shall be submitted for approval to the State
Commission.  A State Commission to which an agreement is
submitted shall approve or reject the agreement with written

25

R & R COURT REPORTERS

810 N STREET              1007 WEST THIRD AVENUE
277-0572/Fax 274-8982     272-7515

ANCHORAGE, ALASKA 99501

Exhibit ___2___
Page _12_ of _22_

597

findings as to any deficiencies. And then it goes on to grounds
for rejection.

3        COMMISSIONER COOK:  Isn't there a 25 day  -- I believe
it's 25 day deadline time line after the adopted agreement is
submitted to the Commission?

6        MR. MODEROW:  The Commission has -- if you go down then
to 252(e)(4) schedule for decision.  If the State Commission
does not act to approve or reject the agreement within 90 days
after submission by the parties of an agreement by negotiation
or within 30 days after submission by the parties of an
agreement adopted by arbitration, the agreement shall be deemed
approved.

13       COMMISSIONER COOK:  Yeah.  See, I think there's a
conflict.  Your interpretation of the time lines and the
Commission's interpretations of the time lines are a little
different.  The Commission intends to adopt -- since we are the
final arbitrators in this, that adoption deadline is the 13th
of December -- or 15th of December, excuse me, whereas the
approval deadline is 30 days after that date, after the 15th of
December.  And in the Commission's opinion, if I've interpreted
the Commission in our adjudication correctly, we read that as
two deadlines, one for adoption and one for approval.  And we
read the adoption deadline as the 15th of December.

24       MR. MODEROW:  I would like to check the statute on

25

R & R COURT REPORTERS

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982      272-7515

ANCHORAGE, ALASKA 99501

Exhibit       2
Page 13 of 22

598

that.  I believe that the deadline is for approval, but you may
be right. Let's check that.

3       The deadline, the 270 day deadline is in the Section B,
4252(b)(4).  And it states, the State Commission shall resolve
each issue set forth in the petition -- this is the arbitration
petition, and the response, if any, by imposing appropriate
conditions are required to implement Subsection C upon the
parties to the agreement, and shall conclude the resolution of
any unresolved issues not later than nine months after the date
on which the local exchange carrier received the request under
this section.

12      If I am understanding Commissioner Cook correctly you
see that deadline as then applying only to the arbitration
agreement -- I mean the agreement by arbitration and not the
deadline for.  And it doesn't apply to the approval process.
You believe that's an extra 30 days.

17      COMMISSIONER COOK:  During our adjudication session
that was the position that the Commission took.  And I think
that that's what we're going to hold to for a number of
reasons.  Otherwise there is very limited opportunity for any
third party to comment on the arbitrated agreement.  And I
think that's a very important aspect of it.

23      I don't know if the other Commissioners feel like we
need to adjourn and discuss this, we can, but that was my

25

R & R COURT REPORTERS

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982      272-7515

ANCHORAGE, ALASKA  99501

Exhibit ___2___
Page __14__ of __22__

599

understanding coming into this process.

2        HEARING OFFICER CLARK:  Do the parties have something further to add?

4        MR. MODEROW:  Well, it's never been our intent to squelch any public comment.  I guess our concern is just making sure that there's not some technical loss of jurisdiction.  We aren't trying to be argumentative with the Commission here.  I think we all want this to happen and we all want it to work.  I guess I -- maybe we all just read it the first time and got in a mind set and never went back and looked at it.  And I think that's where our position, if everything happens by December 13 there's no question, there's no argument, but then there's the public -- we've always tried to address the public comment period.  So our position, I don't think, would change but it's not an argumentative one.  It's one of abundance of caution.

16        HEARING OFFICER CLARK:  Anything further, Mr. Vasquez?

17        MR. VASQUEZ:  No.

18        HEARING OFFICER CLARK:  Just let me add one minor thing for informational purposes.  And I notice that Commissioner Hanley has some comment.  I did discuss the issue of when the statute -- or the deadline would toll with, at least, Mr. Moderow on Friday afternoon and I did attempt to call the FCC and have not yet received a call back from them regarding whether they have a statute or regulation that is comparable to

25

R & R COURT REPORTERS

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982      272-7515

ANCHORAGE, ALASKA  99501

Exhibit    2
Page  15  of  22

600

that held by this Commission so that if a filing deadline falls
on a weekend or holiday or other day that's not a normal
business day that the deadline is extended.  And I just thought
it was important to note that for the clarity of the record,
that is an outstanding issue and one that I'm hopeful can be
addressed quickly.

7      Commissioner Hanley?

8      COMMISSIONER HANLEY:  Commissioner Cook, you mentioned
9- you asked if the Commission thought it was appropriate to
take a few minutes to adjudicate.  And I guess I was going to
suggest I thought, perhaps, it might be -- I would appreciate
that opportunity to, perhaps, take a brief recess and discuss
this just a little bit if we could.

14

15      COMMISSIONER COOK:  Mr. Mason?  Before we take this
recess, does the comment period on the 3rd and the 5th sound --
does that give you adequate -- do you feel like AT&T would have
adequate time to address any concerns they have?

19      MR. MASON:  We'll just make it work.

20      COMMISSIONER COOK:  Okay.

21      MR. MASON:  We don't want to slow anybody down.

22      COMMISSIONER COOK:  No, don't slow us down.

23      MR. MASON:  Well, unless you want to be slowed down.

24      HEARING OFFICER CLARK:  All right.  We'll be at recess

25

R & R C O U R T   R E P O R T E R S

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982      272-7515

ANCHORAGE, ALASKA  99501

Exhibit _____2_____
Page _16_ of _22_

601

until further call.

2      (Off record - 9:25 a.m.)

3      (On record - 10:45 a.m.)

4      HEARING OFFICER CLARK:  Okay.  We're back on the record and I think that I have the results of the Commission's adjudication in line, although I'm certain the Commissioners will certainly jump in if I mis-speak in some manner.  I apologize in advance if that should happen.

9      First of all, the Commission has determined that it will accept written comments, and it will accept written comments on the 14 issues initially submitted in the petition for arbitration as well as, for lack of a better term, the three specific legal issues that Mr. Moderow addressed.  That is consistency of the agreement with Section 251 of the Telecommunications Act, the establishment of rates, and an implementation schedule.  And I realize that those are somewhat overlapping in that some of those issues are already addressed in the 14 issues submitted for arbitration.

19     The Commission will accept those written comments not only from the two parties in this proceeding, GCI and ATU, but rather those parties as well as any other interested entities or persons.  Those written comments will be limited to 20 pages.

24     On December 5th the Commission will accept reply

25

Exhibit 2
Page 17 of 22

602

comments, again, those written reply comments are open to both the parties to these proceedings, and any other interested entities or persons and are also limited to 20 pages.

4        The Commission would like to schedule oral argument for December the 10th.  And the purpose of the oral argument would be to do at least two things.  At a minimum it would be to address the 14 issues raised in the petition for arbitration, plus the issues raised by Mr. Moderow, and I'm not going to reiterate those again.  Those oral argument would be limited to those parties, individuals or entities that submit written comments to the Commission.  That is if you do not submit some form of written comment to the Commission you will not be permitted to submit oral argument on the 10th of December.

14        The Commission has not set specific time limits at this juncture, but will set time limits during oral argument on December 10th, if necessary.  The Commission does intend to limit oral argument to one day.  That is the 10th of December. And depending on how oral argument proceeds the Commission may determine that it is, indeed, necessary to set those.

20        The Commission has further determined that the deadline for approval of the recommended decision is December 15th, however that is not the deadline for the final decision to be rendered by the Commission.

24        The Commission will issue final arbitration by December

25

Exhibit ___2___
Page _18_ of _22_

603

15th and will open the final arbitration to an additional
period of public comment.  And that public comment period will
end on January the 6th, 1996 (sic).

4        CHAIRMAN COTTEN:  Seven.

5        UNIDENTIFIED VOICE:  1997.

6        HEARING OFFICER CLARK:  Oh, I'm sorry.  January 6th,
1997.  And the Commission will render a final decision no later
than January 14th, 1997.  Perhaps at this point I should see if
any of those present in the room have any comment they want to
make or any difficulty regarding this procedural schedule.
Mr. Moderow?

12       MR. MODEROW:  We have none.

13       HEARING OFFICER CLARK:  Mr. Vasquez?

14       MR. VASQUEZ:  We have none.

15       HEARING OFFICER CLARK:  Mr. Mason?

16       MR. MASON:  We may, but I think we can muster enough
lawyers to make it work.  I may have a Supreme Court argument
the week you set oral argument, but we don't want to mess with
your schedule.  We'll fix it.

20       HEARING OFFICER CLARK:  Okay.  Is there anything
further to be considered on the record this morning?  Hearing
nothing, we are adjourned.

0924

24       (Recessed - 10:50 a.m.)

25

R & R COURT REPORTERS

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982      272-7515

ANCHORAGE, ALASKA  99501

Exhibit    2
Page  19  of  22

604

1                            *  *  *  *  *  *

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

R & R  C O U R T  R E P O R T E R S

810 N STREET              1007 WEST THIRD AVENUE
277-0572/Fax 274-8982      272-7515

ANCHORAGE, ALASKA  99501

Exhibit ____2____
Page __20__ of __22__

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

C E R T I F I C A T E

UNITED STATES OF AMERICA    )
                            ) ss.
STATE OF ALASKA             )

     I, Rebecca Nelms, Notary Public in and for the State of
Alaska, residing at Anchorage, Alaska, and Reporter for R & R
Court Reporters, Inc., do hereby certify:

     THAT the annexed and foregoing Prehearing Conference In
the Matter of the Petition by GCI COMMUNICATION CORP. for
Arbitration under Section 252 of the Telecommunications Act of
1996 with the MUNICIPALITY OF ANCHORAGE d/b/a ANCHORAGE
TELEPHONE UTILITY a/k/a ATU TELECOMMUNICATIONS for the Purpose
of Instituting Local Exchange Competition, Docket U-96-89,
taken by Penny Reagle on the 26th day of November, 1996,
commencing at the hour of 9:05 o'clock a.m, at the Alaska

R & R  C O U R T  R E P O R T E R S

810 N STREET          1007 WEST THIRD AVENUE
277-0572/Fax 274-8982    272-7515

ANCHORAGE, ALASKA  99501

Exhibit  2
Page 21 of 22

Public Utilities Commission office, 1016 West Sixth Avenue,
Suite 400, Anchorage, Alaska, is a true and correct transcript;

2      THAT this Transcript, as heretofore annexed, is a true
and correct transcription of the proceedings transcribed by
myself;

4      IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my seal this 27th day of November, 1996.

5

6                                    _____
                                     Notary in and for Alaska
                                     My Commission Expires:10/10/98
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>R & R  C O U R T  R E P O R T E R S</u>

810 N STREET        1007 WEST THIRD AVENUE
277-0572/Fax 274-8982    272-7515

ANCHORAGE, ALASKA 99501

Exhibit ___2___
Page _22_ of _22_

607