STATE OF ALASKA

THE ALASKA PUBLIC UTILITIES COMMISSION

Before Commissioners:            Sam Cotten, Chairman
                                 Don Schröer
                                 Alyce A. Hanley
                                 Dwight D. Ornquist
                                 Tim Cook

| | |
|---|---|
| In the Matter of the Petition by GCI COMMUNICATION CORP. for Arbitration under Section 252 of the Telecommunications Act of 1996 with the MUNICIPALITY OF ANCHORAGE d/b/a ANCHORAGE TELEPHONE UTILITY a/k/a ATU TELECOMMUNICATIONS for the Purpose of Instituting Local Exchange Competition | U-96-89<br><br>ORDER NO. 1 |

**ORDER SCHEDULING PREARBITRATION CONFERENCE; ESTABLISHING INITIAL RULES AND SCHEDULE FOR ARBITRATION PROCESS; AND APPOINTING HEARING OFFICER**

BY THE COMMISSION:

On July 29, 1996, GCI COMMUNICATION CORP. (GCICC) filed a petition for arbitration under Section 252 of the Telecommunications Act of 1996 (The Act)[1] with the MUNICIPALITY OF ANCHORAGE d/b/a ANCHORAGE TELEPHONE UTILITY a/k/a ATU TELECOMMUNICATIONS (ATU) for the purpose of instituting local exchange competition. On August 23, 1996, ATU filed a reply to GCICC's petition.

---

[1] 47 U.S.C.A. 151 *et seq.* as amended by The Act.

U-96-89(1) - (9/17/96)
Page 1 of 7

Exhibit 1
Page 1 of 7          0115

On September 6, 1996, GCICC filed a motion for appointment of an arbitrator and for a prehearing conference. On September 12, 1996, ATU filed its reply to that motion.

The Commission has reviewed the filings made in this proceeding and has determined that the Commissioners will act as final arbitrators in the arbitration process for interconnection of ATU and GCICC as local exchange carriers under the Act. To accomplish the final arbitration, the Commission will select an individual to act as a primary arbitrator to develop a recommended decision. The recommended decision will be presented to the Commission by December 1, 1996. The Commission may accept, reject, or modify the recommended decision as a function of the arbitration process.

To select the primary arbitrator, the Commission will compile a list of possible primary arbitrators from recommendations by Commissioners, Commission Staff (Staff), and parties. GCICC and ATU each shall file its recommendations by 4 p.m., September 18, 1996. The Commission will issue, on September 19, 1996, a list of five possible primary arbitrators. From that list, GCICC and ATU each will be allowed to exercise two peremptory challenges.

The Commission will hold a prearbitration conference on Friday, September 20, 1996, to address a number of issues, among which will be acceptance of peremptory challenges. The Commission may select and name the primary arbitrator at the prehearing



conference. The Commission has also determined that Staff will be appointed to serve as technical advisor to the primary arbitrator and the Commission in this proceeding. Also at the prehearing conference, the parties should be prepared to discuss a procedural schedule for the conduct of this proceeding as well as the need for discovery and the rules therefor.

Because this is the first "arbitration" proceeding under The Act to be addressed by the Commission, a number of questions must be resolved to identify what procedures are appropriate for this type of proceeding. It is the Commission's intent to follow the rules of the American Arbitration Association (AAA) to the extent practicable. While the Commission is initially inclined to close the arbitrations and seal the records produced therein,[2]

---

[2] AAA, Appendix B, Rule 25 states:

The arbitrator shall maintain the privacy of the hearings <u>unless the law provides</u> to the contrary. Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person (emphasis added).

the parties should be prepared at the prearbitration conference to address the impact of Alaska's public meetings and public records laws on Commission arbitration proceedings under The Act.[3]

Further, based on an initial analysis, the Commission is inclined to limit participation in the arbitrations to the parties; i.e., GCICC and ATU (AAA Rule 25, *supra*); however, the parties should also be prepared at the prearbitration conference to address the applicability of the Commission's rules of intervention[4] (3 AAC 48.110) to arbitration proceedings as well as the applicability or conflict of other provisions of the Commission's statutes and regulations with AAA rules.

As to telecommunications issues, the parties should be prepared to discuss at the prearbitration conference the use of default proxy ceilings and ranges in the Federal Communications Commission's (FCC) interconnection order and the Alaska default loop cost proxy (not set by the FCC). As to possible suspension or modification requests by ATU under Section 251(f)(2) of The Act, the request for such suspension or modification will <u>not</u> affect the conduct of this arbitration proceeding.

---

[3] *See*, for example, the requirements of the state public meetings law (AS 44.62.310 — 44.62.312) and public records laws (AS 9.25.110 — 9.25.120 and AS 42.05.671) vis-à-vis AAA Appendix B, Rule 25, *Attendance at Hearings*.

[4] The Commission notes that, during the final processing of this Order, Alascom, Inc. d/b/a AT&T Alascom (AT&T Alascom) filed a petition to intervene in this proceeding. Rather than delay the issuance of this decision, the Commission will act on that petition separately from this Order. Responses to AT&T Alascom's petition to intervene should be filed expeditiously.

U-96-89(1) - (9/17/96)
Page 4 of 7

Exhibit 1
Page 4 of 7    0118

The Commission has also determined that any costs incurred in the arbitration process will be paid directly and equally by the parties in this proceeding. However, the primary arbitrator may recommend to the Commission that the costs borne by each party may be different if there is sufficient reason.

The Commission believes that the appointment of a hearing officer in this matter is appropriate. AS 42.05.171 provides in pertinent part:

> A formal hearing that the commission has power to hold may be held by or before . . . a hearing officer . . . designated for the purpose by the commission. The testimony and evidence in a formal hearing may be taken by the . . . hearing officer . . . to whom the hearing has been assigned . . . .

The powers of a hearing officer appointed by the Commission, and the procedures to be followed in matters assigned to a hearing officer, are further defined at 3 AAC 48.165.

Accordingly, as provided for under AS 42.05.171 and 3 AAC 48.165, the Commission will appoint Patricia Clark as the hearing officer in this proceeding.

### ORDER

THE COMMISSION FURTHER ORDERS:

1. By 4 p.m., September 18, 1996, GCI Communication Corp. and the Municipality of Anchorage d/b/a Anchorage Telephone Utility a/k/a ATU Telecommunications each shall file its list of possible arbitrators with the Commission.

1016 West Sixth Avenue, Suite 400
Anchorage, Alaska 99501
(907) 276-6222; TTY (907) 276-4533

2. As more fully discussed in the body of this Order, by September 19, 1996, a list of five possible arbitrators will be compiled and issued for review by GCI Communication Corp. and the Municipality of Anchorage d/b/a Anchorage Telephone Utility a/k/a ATU Telecommunications.

3. A prearbitration conference[5] in this matter is scheduled to convene at 9 a.m., September 20, 1996, in the Commission's hearing room, 1016 West Sixth Avenue, Suite 305, Anchorage, Alaska. At the prearbitration conference, the parties must be prepared to address the issues and procedures more fully delineated in the body of this Order as well as any related matters the parties believe must be resolved for the conduct of this arbitration proceeding.

4. The Commission Staff shall serve as technical advisor to the primary arbitrator and the Commission in this proceeding.

---

[5] If you are a person with a disability who may need a special accommodation, auxiliary aid, or service or alternative communication format in order to participate in this prehearing conference, please contact Christy Hilde at 1-907-276-6222 or TDD 1-907-276-4533 at least one week before the prehearing conference to make the necessary arrangements.

U-96-89(1) - (9/17/96)
Page 6 of 7

Exhibit 1
Page 6 of 7

0120

5. The primary arbitrator shall present its recommended decision to the Commission by December 1, 1996.

6. Patricia Clark is appointed Hearing Officer to preside at the prearbitration conference in this matter and to perform such other duties as authorized by AS 42.05.171 and 3 AAC 48.165.

DATED AND EFFECTIVE at Anchorage, Alaska, this 17th day of September, 1996.

             BY DIRECTION OF THE COMMISSION
             (Commissioner Alyce A. Hanley,
                    not participating.)



1016 West Sixth Avenue, Suite 400
Anchorage, Alaska 99501
(907) 276-6222; TTY (907) 276-4533