Martin M. Weinstein
General Communication, Inc.
2550 Denali Street, Suite 1000
Anchorage, Alaska 99503
Phone: 907-868-6561
Email:  **mweinstein@gci.com**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

|  |  |
|---|---|
| GCI COMMUNICATION CORP., d./b/a GENERAL COMMUNICATION, INC.  d/b/a GCI <br><br> Petitioner <br><br> v. <br><br> KATE GIARD, in her official capacity as Chairwoman of the Regulatory Commission Of Alaska; <br><br> DAVE HARBOUR, in his official capacity as Commissioner of the Regulatory Commission Of Alaska; <br><br> MARK K. JOHNSON, in his official capacity As Commissioner of the Regulatory Commission of Alaska; <br><br> ANTHONY PRICE, in his official capacity As Commissioner of the Regulatory Commission of Alaska; <br><br> JAMES S. STRANDBERG, in his official Capacity as Commissioner of the Regulatory Commission of Alaska; <br><br> And, | Case No. A05-003 CIV(RRB) |

Case No. Case No. A05-003 CIV (RRB)
Motion For Judicial Notice And Supplementation Of Record
June 5, 2006
Page 1 of 4

|   |   |
|---|---|
| ACS OF ANCHORAGE, INC. d/b/a | ) |
| ALASKA COMMUNICATIONS SYSTEMS, | ) |
| ACS LOCAL SERVICE, and, ACS; | ) |
|  | ) |
| Respondents. | ) |
|  | ) |

## MOTION FOR JUDICIAL NOTICE AND SUPPLEMENTATION OF RECORD

Pursuant to Rule 7.1(a) of the Local Rules and Rule 201(b)(2) of the Federal Rules of Evidence, Petitioner GCI Communication Corp. d/b/a General Communication, Inc. d/b/a GCI ("GCI"), by and through undersigned counsel, hereby moves the Court to take judicial notice of the debt costs ACS incurred when it re-financed its debt in the summer of 2003 as described more specifically in the pertinent pages from a certified copy of the Securities and Exchange Commission ("SEC") Form 10-K for the fiscal period ending December 31, 2003 that ACS filed with the SEC, which is attached as GCI Exhibit N to GCI's Reply Brief and this motion.

GCI contends that the accuracy of the debt costs ACS incurred when it re-financed its debt in the summer of 2003 as more specifically described in and evidenced by the certified copy of ACS' SEC Form-10 K filing cannot reasonably be questioned, and thus the Court may take judicial notice of such facts in accordance with Rule 201(b)(2) of the Federal Rules of Evidence.

Additionally, as explained more fully in the accompanying memorandum of law, ACS testified briefly but incompletely at the arbitration

**GCI Communication Corp.**
2550 Denali Street, Suite 1000
Anchorage, AK 99503
(907) 265-5600

about its re-financing in the summer of 2003 stating that its "aggregate" cost of debt from the debt re-structure was approximately 10.5%. ACS, however, did not disclose to the RCA the cost of all the debt it re-financed in the summer of 2003. The debt cost numbers from ACS' Form 10-K ending for the fiscal year 2003 demonstrate that its "aggregate" cost of debt from the debt re-structure in the summer of 2003 was considerably less than the 10.5% number, which ACS now argues on judicial review validates the reasonableness of the RCA's decision adopting its older, historical 10.33% aggregate cost of debt in the agency's cost of capital calculation. The RCA also claims that ACS' testimony about its "aggregate" 10.5% debt cost from ACS' re-financing supports its decision. RCA Opposition at 53.

GCI believes the Court should have the complete facts concerning the true costs of ACS' debt re-financing from the summer of 2003 and that such facts are relevant and necessary for the limited purpose of establishing that the RCA did not have all of the relevant facts concerning ACS' debt re-restructure at the arbitration, and further, to evaluate the merits of ACS' claim that its "aggregate" 10.5% cost of debt from the debt re-structure confirms the reasonableness of the RCA's decision adopting its historical aggregate debt cost of 10.33% for calculating the cost of capital. ACS Opposition Brief at 26.

GCI has presented argument on the basis of Exhibit N in its Reply Brief starting at the second full paragraph on page 35 with the word "Furthermore"

Case No. Case No. A05-003 CIV (RRB)
Motion For Judicial Notice And Supplementation Of Record
June 5, 2006
Page 3 of 4

and ending with the word "adopted" appearing at the end of the carry-over paragraph on page 36.

Respectfully submitted this 5th day of June 2006.

GCI COMMUNICATION CORP. d/b/a GENERAL COMMUNICATION, INC. d/b/a GCI

/s Martin M. Weinstein
Martin M. Weinstein
Regulatory Attorney
Alaska Bar No. 9306051
General Communication, Inc.
2550 Denali Street, Suite 1000
Anchorage, Alaska 99503
Phone: 907-868-6561
Email: **mweinstein@gci.com**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically served on the counsel of record identified below this 5th day of June, 2006.

Robert Royce
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501

Richard Maki
Tindall Bennett & Shoup
508 West 2d Avenue, Third Floor
Anchorage, Alaska 99501

By:  /s Martin M. Weinstein
Martin M. Weinstein
Regulatory Attorney
Alaska Bar No. 9306051
General Communication, Inc.
2550 Denali Street, Suite 1000
Anchorage, Alaska 99503
Phone: 907-868-6561
**Email: mweinstein@gci.com**