IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GCI COMMUNICATION CORP., d/b/a GENERAL COMMUNICATION, INC., d/b/a GCI, <br><br> Petitioner and Cross Petition Respondent, <br><br> -vs- <br><br> KATE GIARD, in her official capacity as Chairwoman of the Regulatory Commission Of Alaska; <br> DAVE HARBOUR, in his official capacity as Commissioner of the Regulatory Commission Of Alaska; <br> MARK K. JOHNSON, in his official capacity as Commissioner of the Regulatory Commission Of Alaska; <br> ANTHONY PRICE, in his official capacity as Commissioner of the Regulatory Commission Of Alaska; <br> JAMES S. STRANDBERG, in his official capacity as Commissioner of the Regulatory Commission Of Alaska, <br><br> Respondents and Cross Petition Respondents, <br><br> and <br><br> ACS OF ANCHORAGE, INC., d/b/a ALASKA COMMUNICATIONS SYSTEMS, ACS LOCAL SERVICE, and ACS, <br><br> Respondent and Cross Petitioner. | Case No. A05-003 CV (RRB) <br><br> **ACS OF ANCHORAGE, INC.'S MOTION AND MEMORANDUM FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO GCI'S MOTION FOR JUDICIAL NOTICE AND SUPPLEMENTATION OF RECORD** |

1

Respondent ACS of Anchorage, Inc., by and through counsel, and pursuant to Local District Court Rule 7.1(h)(1), moves for leave to file a Surreply in Opposition to GCI's Motion for Judicial Notice and Supplementation of Record. (ACS anticipates that the surreply will consist of less than two pages of briefing.)

The surreply is necessary to respond to a new request made in GCI's reply memorandum. This case is essentially an administrative appeal from a decision of the Regulatory Commission of Alaska. While GCI's motion originally sought to supplement the agency record with an excerpt from ACS' 2003 Form 10K (filed with the Securities and Exchange Commission), GCI has enlarged that request in its reply to ask that the record also be supplemented with: 1) an affidavit (and spreadsheet) filed by ACS in support of its opposition to GCI's request for judicial notice of the Form 10K, and 2) an affidavit filed by GCI with its reply memorandum purporting to "extrapolate" information from ACS' affidavit.

In fairness, ACS should be afforded an opportunity to make a brief response to this enlarged request. The motion for leave to file a surreply should be granted.

DATED at Anchorage, Alaska, this 26th day of June, 2006.

TINDALL BENNETT & SHOUP, P.C.
Attorneys for Respondent ACS
of Anchorage, Inc.

By: _____
Richard W. Maki
ABA No. 8211126

TINDALL BENNETT & SHOUP, P.C.
508 WEST 2ND AVENUE, THIRD FLOOR
ANCHORAGE, ALASKA 99501
(907) 278-8533
FAX (907) 278-8536

I HEREBY CERTIFY that on the 26th day of June, 2006, a true and correct copy of the foregoing was served electronically on the following:

Mark Moderow
Martin M. Weinstein
GCI Communication Corp.
2550 Denali Street, Suite 1000
Anchorage, AK 99503

Robert A. Royce
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

By: _____
Tindall Bennett & Shoup, P.C.