TINDALL BENNETT & SHOUP, P.C.
508 WEST 2ND AVENUE, THIRD FLOOR
ANCHORAGE, ALASKA 99501
(907) 278-8533
FAX (907) 278-8536

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GCI COMMUNICATION CORP., d/b/a GENERAL COMMUNICATION, INC., d/b/a GCI,<br><br>       Petitioner and<br>       Cross Petition Respondent,<br><br>       -vs-<br><br>KATE GIARD, in her official capacity as Chairwoman of the Regulatory Commission Of Alaska;<br>DAVE HARBOUR, in his official capacity as Commissioner of the Regulatory Commission Of Alaska;<br>MARK K. JOHNSON, in his official capacity as Commissioner of the Regulatory Commission Of Alaska;<br>ANTHONY PRICE, in his official capacity as Commissioner of the Regulatory Commission Of Alaska;<br>JAMES S. STRANDBERG, in his official capacity as Commissioner of the Regulatory Commission Of Alaska,<br><br>       Respondents and<br>       Cross Petition Respondents,<br><br>and<br><br>ACS OF ANCHORAGE, INC., d/b/a ALASKA COMMUNICATIONS SYSTEMS, ACS LOCAL SERVICE, and ACS,<br><br>       Respondent and<br>       Cross Petitioner. | Case No. A05-003 CV (RRB)<br><br>**ACS OF ANCHORAGE, INC.'S SURREPLY IN OPPOSITION TO GCI'S MOTION FOR JUDICIAL NOTICE AND SUPPLEMENTATION OF RECORD** |

In its reply memorandum in support of its motion to take judicial notice of excerpts from ACS' 2003 Form 10K, GCI has included a new request that the court also supplement the administrative record with: 1) the affidavit of Laurie Butcher (and spreadsheet) filed by ACS in support of its opposition to GCI's request for judicial notice of the Form 10K, and 2) an affidavit of Peter Pounds filed by GCI with its reply memorandum purporting to "extrapolate" information from the Butcher affidavit. These requests are not proper and should be denied.

In its opposition, ACS stated explicitly that it was offering the Butcher affidavit only for purposes of opposing the motion for judicial notice by demonstrating that the interpretation of the Form 10K was a subject of dispute. [ACS Opp. Memo., at 5, n.3.] The affidavit was not offered as evidence for consideration by the court in deciding the substantive merits of GCI's appeal. [Id.]

For all the same reasons elaborated in ACS' opposition memorandum, supplementation of the record with the two affidavits is not appropriate at this juncture of the proceedings. In fact, GCI is only compounding the problems identified in that opposition by enlarging its request to include new materials in addition to the Form 10K.

Additionally, GCI's new proposed Peter Pounds affidavit is inadmissible hearsay. The affiant has not been subject to cross-examination, nor has ACS been afforded any opportunity to present additional evidence in rebuttal to the statements in the affidavit. Given the limited purpose of the Butcher affidavit, ACS did not seek to present a full case respecting the interpretation of the Form 10K and kept that affidavit to a minimum. In these circumstances, it would not be fair to ACS to permit GCI to supplement the

administrative record with incomplete materials that were neither presented to the RCA nor considered by it in rendering its decisions.

Acceptance of the new evidence cannot be justified on the grounds that it is necessary to "prevent a miscarriage of justice." [GCI Reply, at 13.] Contrary to GCI's harsh and unfounded accusations, ACS did not fail to disclose "the full facts" to the RCA about its summer re-financing at the arbitration, nor did it present "false testimony." [GCI Reply, at 4.] Both the testimony of David Blessing before the RCA and the Butcher affidavit accurately state ACS' 2003 aggregate debt cost. While GCI may now wish to contest Blessing's testimony, it should have done so before the RCA when ACS would have had a fair opportunity to respond.

DATED at Anchorage, Alaska, this 24th day of July, 2006.

TINDALL BENNETT & SHOUP, P.C.
Attorneys for Respondent ACS
of Anchorage, Inc.

By: _____
Richard W. Maki
ABA No. 8211126

I HEREBY CERTIFY that on the 24th day of July, 2006, a true and correct copy of the foregoing was served electronically on the following:

Mark Moderow
Martin M. Weinstein
GCI Communication Corp.
2550 Denali Street, Suite 1000
Anchorage, AK 99503

Robert A. Royce
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

By: _____
Tindall Bennett & Shoup, P.C.

3