IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GCI COMMUNICATION CORP., d/b/a GENERAL COMMUNICATION, INC., d/b/a GCI,<br><br>　　　　Petitioner,<br><br>vs.<br><br>KATE GIARD, et al.,<br><br>　　　　Respondents,<br><br>and<br><br>ACS OF ANCHORAGE, INC., d/b/a ALASKA COMMUNICATIONS SYSTEMS, ACS LOCAL SERVICE, and ACS,<br><br>　　　　Respondent and<br>　　　　Cross-Petitioner. | Case No. 3:05-cv-0003-RRB<br><br><br>**ORDER DENYING GCI'S MOTION FOR JUDICIAL NOTICE AND SUPPLEMENTATION OF RECORD** |

**I.　INTRODUCTION**

　　　　Before the Court is Petitioner GCI Communication Corp., d/b/a General Communication, Inc., d/b/a GCI ("GCI") with a Motion for Judicial Notice and Supplementation of Record (Docket No. 82). Pursuant to Fed. R. Evid. 201(b)(2)("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . .

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."), GCI argues the Court should take judicial notice of the debt costs ACS incurred when it refinanced its debt in the summer of 2003, as described in a Securities and Exchange Commission ("SEC") Form 10-K (the "Form")[1] for the fiscal period ending December 31, 2003.[2]

Respondent and Cross-Petitioner ACS of Anchorage, Inc., d/b/a/ Alaska Communications Systems, ACS Local Service, and ACS ("ACS") opposes at Docket No. 85 and argues: (1) it is not appropriate to take judicial notice of the Form for the purpose GCI proposes; (2) it is not appropriate to supplement the agency record in this proceeding; and (3) GCI could have presented the Form to the Regulatory Commission of Alaska ("RCA") in the proceedings below.[3]

**II.  FACTS**

Inasmuch as the facts are well known to the parties, and more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

///

///

---

[1]     Clerk's Docket No. 82, Ex. N.

[2]     Id. at 1.

[3]     Clerk's Docket No. 85 at 2.

## III. STANDARD OF REVIEW

> At any stage of the proceedings the court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[4]

"The decision of whether to take judicial notice of a particular fact is within the Court's discretion."[5]

## IV. DISCUSSION

### A. Judicial Notice Is Appropriate For SEC Filings.

Although the Court concludes "[j]udicial notice is appropriate for SEC filings . . . as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned,'"[6] it ultimately concludes judicial notice of the Form, which is the subject matter of the instant

---

[4] JP Morgan Trust Co. National Association v. Mid-America Pipeline Co., 413 F.3d 2d 1244, 1258 (D. Kan. 2006)(quoting Fed. R. Evid. 201(b)(2)).

[5] Id. (citing Klien v. Zavaras, 80 F.3d 432, 435 n.5 (10th Cir. 1996)).

[6] In re White Electronic Designs Corp. Sec. Lit., 416 F. Supp. 2d 754, 760-61 (D. Ariz. 2006)(quoting In re Network Associates, Inc. II Securities Litigation, 2003 WL 24051280 at *1 n.3 (N.D. Cal. 2003)(citing Fed. R. Evid. 201(b); Plevy v. Haggerty, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998); Urbanek v. U.S., 731 F.2d 870, 873 n.3 (Fed. Cir. 1984))(emphasis added). Although not authoritative, the Court finds the determination of its sister court both persuasive and particularly applicable.

motion, is inappropriate given the procedural history and/or backdrop of this case.

**B.  Supplementation Of The Administrative Record Is Not Appropriate In This Proceeding.**

Indeed, "[t]he scope of review [in this case] is confined to the administrative record."[7]  Therefore, "[t]he focal point for judicial review is the administrative record already in existence, 'not some new record made initially in [this Court].'"[8]  Consequently, the Court concludes GCI's proposed supplementation of the record is inappropriate.  And, because of GCI's timing, the Court further concludes the Form is not justified as an exception to this general rule.

**C.  The Form Should Have Been Presented In The Proceeding Below.**

GCI had ample opportunity to supplement the evidentiary record in the proceeding below.[9]  That it failed to do so does not warrant an exception here.  In fact, "[h]aving denied the RCA the opportunity in the first instance to consider the Form . . . , GCI

---

[7]    U.S. West Communications, Inc. v. Jennings, 46 F. Supp. 2d 1004, 1008 (D. Ariz. 1999), rev'd on other grounds, 304 F.3d 950 (9th Cir. 2002).

[8]    Asarco, Inc. v. U.S. Environmental Protection Agency, 616 F.2d 1153, 1159 (9th Cir. 1980)(quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)).

[9]    See Clerk's Docket No. 85 at 8-9.

[is] deemed to have waived any right to supplement the record at this late juncture."[10]

## V.  CONCLUSION

Based upon the aforesaid, GCI's Motion for Judicial Notice and Supplementation of Record (Docket No. 82) is hereby **DENIED**. As a result, the Court will not take judicial notice of the Form proffered by GCI and will not permit supplementation of the record with the Form. Moreover, the Form will not be considered by the Court in rendering a decision in this case.

ENTERED this 7th day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[10] <u>Id.</u> at 10.