Federal Communications Commission    DA 03-1528

Before the
Federal Communications Commission
Washington, D.C. 20554

| | |
|---|---|
| In the Matter of ) <br> ) <br> Joint Petition of MCI WorldCom ) <br> Communications, Inc., Brooks Fiber ) <br> Communications of New York, Inc. and ) <br> Verizon New York Inc. for Preemption of the ) <br> Jurisdiction of the New York Public Service ) <br> Commission Pursuant to Section 252(e)(5) of ) <br> the Communications Act of 1934, as ) <br> Amended | CC Docket No. 03-81 |

MEMORANDUM OPINION AND ORDER

Adopted: May 7, 2003    Released: May 7, 2003

By the Senior Deputy Bureau Chief, Wireline Competition Bureau:

I. INTRODUCTION

1. This Memorandum Opinion and Order addresses the joint petition of MCI WorldCom Communications, Inc. f/k/a MFS Intelenet of New York (MFS), Brooks Fiber Communications of New York, Inc. (Brooks Fiber), and Verizon New York Inc. (Verizon), (collectively, Petitioners), for preemption of the jurisdiction of the New York Public Service Commission (New York Commission) with respect to disputes concerning the interpretation and enforcement of interconnection agreements between MFS and Verizon and Brooks Fiber and Verizon.[1] Petitioners seek preemption of the jurisdiction of the New York Commission pursuant to section 252(e)(5) of the Communications Act of 1934, as amended (the Act).[2]

---

[1] Joint Petition of MCI WorldCom Communications, Inc., Brooks Fiber Communications of New York, Inc. and Verizon New York, Inc. for Preemption of the Jurisdiction of the New York Public Service Commission Pursuant to Section 252(e)(5) of the Communications Act of 1934, as Amended, CC Docket No. 03-81 (filed Mar. 20, 2003) (Joint Petition); *see Pleading Cycle Established for Comments on Joint Petition of MCI WorldCom Communications, Inc, Brooks Fiber Communications of New York, Inc and Verizon New York Inc. for Preemption of the Jurisdiction of the New York Public Service Commission Pursuant to Section 252(e)(5) of the Communications Act*, CC Docket No. 03-81, Public Notice, DA-03-866 (rel. Mar. 24, 2002) (March 24 Public Notice). No comments or reply comments were filed in this proceeding.

[2] 47 U.S.C. § 252(e)(5). Section 252 was added to the Communications Act of 1934 by the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (1996 Act), *codified at* 47 U.S.C. §§ 151 *et seq.* Hereafter, all citations to the 1996 Act will be in accordance with its codification in Title 47 of the United States Code.

EXHIBIT 19
PAGE 1 of 6

2.  Section 252(e)(5) requires the Commission to preempt the jurisdiction of a state commission in any proceeding or matter in which the state commission "fails to act to carry out its responsibility under [section 252]."[3] Section 252 of the Act sets forth the procedures by which telecommunications carriers may request and obtain interconnection, services, or unbundled network elements from an incumbent local exchange carrier (LEC).[4]

3.  Petitioners allege that the New York Commission's failure to resolve the interconnection disputes arising out of Verizon's interconnection agreements with MFS and Brooks Fiber constitutes a "failure to act" triggering this Commission's section 252(e)(5) duty to preempt the jurisdiction of the New York Commission. For the reasons set forth below, we grant the petition.

## II. BACKGROUND

4.  MFS and Brooks Fiber, both competitive LECs in New York, have identical contractual disputes with Verizon, the incumbent LEC in the New York, over the treatment of reciprocal compensation for traffic bound for Internet service providers (ISPs) (ISP-bound traffic) under the terms of their respective interconnection agreements, and in light of this Commission's April 2001 *ISP Remand Order*.[5] Specifically, Petitioners seek resolution of the following three issues: (1) For the period beginning on June 14, 2001, did the Agreements between the parties automatically incorporate the intercarrier compensation regime of the *ISP Remand Order* as of the effective date of that order without requiring further action by the parties? (2) Did the *ISP Remand Order* constitute a change of law under paragraph 34.0 of the Agreements that triggered an obligation to amend the agreements in order to incorporate the intercarrier compensation regime of the *ISP Remand Order*? (3) If it did, would that regime become effective as of June 14, 2001, on the date that the parties executed the amendment, or some other date?[6]

5.  MFS and Brooks Fiber are both wholly owned subsidiaries of WorldCom, Inc.[7] Pursuant to section 252(i) of the Act, in June 1999, MFS opted into a pre-existing interconnection agreement between Verizon and ACC National Telecom Corp.[8] In September 1999, Brooks Fiber opted into the same pre-existing interconnection agreement.[9] Thus, the interconnection agreements and disputed issues between MFS and Verizon and between Brooks

---

[3]  47 U.S.C. § 252(e)(5).

[4]  *See generally* 47 U.S.C. § 252.

[5]  *See* Joint Petition at 2-3. *See also Implementation of the Local Competition Provisions in the Telecommunications Act of 1996 and Intercarrier Compensation for ISP-Bound Traffic*, CC Docket Nos. 96-98, 99-68, Order on Remand and Report and Order, 16 FCC Rcd 9151 (2001), *remanded sub nom. WorldCom, Inc. v. FCC*, 288 F.3d 429 (D.C. Cir. 2002) (*ISP Remand Order*).

[6]  Joint Petition at 7-8.

[7]  *See id.* at 3.

[8]  *See id.* at 3 and Exhibit 1. *See also* 47 U.S.C. § 252(i).

[9]  *See* Joint Petition at 3 and Exhibit 2.

2

EXHIBIT 19
PAGE 2 of 6

Federal Communications Commission         DA 03-1528

Fiber and Verizon are identical.[10]

6. On March 5, 2002, Verizon filed petitions with the New York Commission seeking resolution of contractual disputes with MFS, Brooks Fiber, and other competitive LECs regarding reciprocal compensation for ISP-bound traffic.[11] On August 7, 2002, the New York Department of Public Service (NY DPS), which functions as the New York Commission staff, issued a letter to Verizon in these six proceedings, stating that the New York Commission "will not address the six dispute resolution petitions" and that, "because adequate, alternative forums exist, the Department will not address any future petitions addressing contract interpretations of reciprocal compensation for Internet-bound traffic."[12]

7. Relying on this language, on March 20, 2003, Petitioners filed a joint petition for preemption with this Commission alleging that the New York Commission "failed to act" to resolve the reciprocal compensation disputes between MFS and Verizon and Brooks Fiber and Verizon.[13] On March 24, 2003, the Commission issued a public notice requesting comment on the joint petition filed by the parties.[14]

## III. DISCUSSION

8. We conclude that the circumstances presented by Petitioners require us to assume the jurisdiction of the New York Commission. Section 252(e)(5) directs the Commission to preempt the jurisdiction of a state commission in any proceeding or matter in which a state "fails to act to carry out its responsibility under [section 252]."[15] The Commission's rules address a state's "failure to act" with respect to its mediation and arbitration responsibilities pursuant to section 252.[16] In the *Starpower Preemption Order*, the Commission held that, if a carrier chooses to file a complaint with a state commission concerning interpretation and enforcement of

---

[10] *See* Joint Petition at 3 and Exhibits 1 and 2. *See also* Joint Petition at 7-8.

[11] Specifically, Verizon alleged, among other things, that MFS and Brooks Fiber were obligated to adopt contract amendments to the interconnection agreements pursuant to the *ISP Remand Order* and that these amendments should be effective retroactive to June 14, 2001. *See* Joint Petition at 3-4.

[12] Letter of Janet Hand Deixler, Secretary, New York DPS, to Gayton P. Gomez, Esq., Verizon New York, Inc., dated Aug. 7, 2002, Joint Petition, Exhibit 4 (NY DPS Aug. 7, 2002 letter).

[13] *See* Joint Petition.

[14] *See* March 24, 2003 Public Notice.

[15] 47 U.S.C. § 252(e)(5).

[16] Section 51.801(b) provides: "For purposes of this part, a state commission fails to act if the state commission fails to respond, within a reasonable time, to a request for mediation, as provided for in section 252(a)(2) of the Act, or for a request for arbitration, as provided for in section 252(b) of the Act, or fails to complete an arbitration within the time limits established in section 252(b)(4)(c) of the Act." 47 C.F.R. §51.801(b).

3

EXHIBIT 19
PAGE 3 of 6

an interconnection agreement, the state commission has authority to adjudicate it.[17] Specifically, the Commission stated: "In applying Section 252(e)(5), we must first determine whether a dispute arising from interconnection agreements and seeking interpretation and enforcement of those agreements is within the states' responsibility under section 252. We conclude that it is."[18] In *Starpower*, the Commission granted a petition for section 252(e)(5) preemption because the Virginia Commission declined to assume jurisdiction over contractual disputes involving reciprocal compensation of ISP-bound traffic.[19]

        9.      We find that Petitioners' request for preemption falls squarely within Commission precedent, presents no novel questions of fact, law or policy and, therefore, we resolve this joint petition pursuant to our delegated authority.[20] Following the Commission's guidance in the *Starpower Preemption Order*, we find that the New York Commission has "failed to act" with regard to the interconnection disputes between Verizon and MFS and Verizon and Brooks Fiber. As in *Starpower*, the state commission in this case has expressly declined to interpret or enforce the terms of the identical interconnection agreements at issue. Specifically, the August 7, 2002 letter to Verizon unequivocally expresses an intent not to act to resolve the parties' interconnection disputes regarding reciprocal compensation for ISP-bound traffic. In that letter, the New York DPS states: "because adequate, alternative forums exist, the Department will not address any future petitions addressing contract interpretations of reciprocal compensation for

---

[17] *Starpower Communications, LLC, Petition for Preemption of Jurisdiction of the Virginia State Corporation Commission Pursuant to Section 252(e)(5) of the Telecommunications Act of 1996*, CC Docket No. 00-52, Memorandum Opinion and Order, 15 FCC Rcd 11277, 11279, para. 6 (2000) (*Starpower Preemption Order*). The Commission has taken a clear position on this issue, and with the exception of the Fourth Circuit, federal courts of appeal that have addressed this issue also have recognized that states have authority pursuant to section 252 to resolve disputes arising out of interconnection agreements. *See BellSouth Telecommunications, Inc., et al. v. MCIMetro Access Transmission Services, Inc*, 317 F.3d 1270, 1274-78 (11th Cir. 2003) (en banc); *Global NAPS, Inc. v. FCC*, 291 F.3d 832, 838 (D.C. Cir. 2002); *MCI Telecommunications Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491, 511 (3rd Cir. 2001), *cert. denied*, 123 S. Ct. 340 (2002); *Southwestern Bell Telephone Co. v. Brooks Fiber Communications of Oklahoma, Inc*, 235 F.3d 493, 496-97 (10th Cir. 2000); *Southwestern Bell Telephone Co. v. Connect Communications Corp*, 225 F.3d 942, 946 (8th Cir. 2000); *Southwestern Bell Telephone Co. v. Public Utility Commission of Texas*, 208 F.3d 475, 480 (5th Cir. 2000); *Illinois Bell Telephone Company v. WorldCom Technologies, Inc*, 179 F.3d 566, 570-71 (7th Cir. 1999). *But see Bell Atlantic Maryland v. MCI WorldCom*, 240 F.3d 279 (4th Cir. 2001) (holding that states have authority under state law to address disputes arising from interconnection agreements), *vacated on other grounds and remanded sub nom Verizon Maryland Inc. v. Public Service Commission of Maryland*, 122 S. Ct. 1753 (2002).

[18] *See Starpower Preemption Order*, 15 FCC Rcd at 11279, para. 6. *Cf. Core Communications, Inc. v. Verizon Maryland, Inc*, Memorandum Opinion and Order, 2003 WL 1917249, para. 22 (rel. Apr. 23, 2003); *CoreComm Communications, Inc. v. SBC Communications Inc*, Memorandum Opinion and Order, 2003 WL 1884294, paras. 13-19 (rel. Apr. 17, 2003) (holding that state commissions and this Commission have concurrent jurisdiction to resolve interconnection disputes under sections 251(c)(2) and 251(c)(3) of the Act).

[19] *See Starpower Preemption Order*, 15 FCC Rcd at 11280, para. 7. *See also Cox Virginia Telecom, Inc. Petition for Preemption of Jurisdiction of the Virginia State Corporation Commission Pursuant to Section 252(e)(5) of the Telecommunications Act of 1996*, CC Docket No. 00-126, Memorandum Opinion and Order, 15 FCC Rcd 17958 (CCB 2000).

[20] *See* 47 C.F.R. §§ 0.91, 0.291.

4

EXHIBIT 19
PAGE 4 of 6

Internet-bound traffic," including the petitions regarding the MFS and Brooks Fiber disputes.[21]

10. We recently granted preemption pursuant to section 252(e)(5) based on very similar circumstances. On November 26, 2002, the Wireline Competition Bureau, acting on delegated authority, granted a section 252(e)(5) preemption petition filed by MCImetro Access Transmission Services, LLC (MCImetro), another WorldCom subsidiary, finding that the New York Commission had "failed to act" to resolve an interconnection dispute between MCImetro and Verizon regarding the treatment of reciprocal compensation for ISP-bound traffic.[22] In granting preemption in the MCImetro proceeding, we relied on the same August 7, 2002 letter of the New York DPS submitted in this proceeding as evidence of the New York Commission's failure to act.[23]

11. Consistent with this precedent, we conclude, based on the New York Commission's express intent not to resolve this dispute, that the New York Commission has "failed to act to carry out its responsibility" under section 252. Accordingly, the Act compels us to assume the jurisdiction of the New York Commission and resolve the outstanding interconnection disputes.

12. Petitioners may now file with the Commission for resolution of the interconnection dispute identified in the joint petition filed in this proceeding.[24] Upon receiving the appropriate filings from Petitioners, the Commission will proceed to resolve the questions that the New York Commission would have resolved had it chosen to act.[25] Specifically, the Commission will resolve the following three issues: (1) For the period beginning on June 14, 2001, did the Agreements between the parties automatically incorporate the intercarrier compensation regime of the *ISP Remand Order* as of the effective date of that order without requiring further action by the parties? (2) Did the *ISP Remand Order* constitute a change of law under paragraph 34.0 of the Agreements that triggered an obligation to amend the agreements in

---

[21] NY DPS Aug. 7, 2002 letter at 1-2.

[22] See *Petition of MCImetro Access Transmission Services LLC Pursuant to Section 252(e)(5) of the Communications Act for Expedited Preemption of the Jurisdiction of the New York Public Service Commission Regarding Interpretation and Enforcement of Interconnection Agreement*, CC Docket No. 02-283, Order, 17 FCC Rcd 23953 (WCB 2002) (*MCImetro Order*).

[23] See *id.* at 4-5. Although the New York Commission has not filed comments in this proceeding, it is worth noting that, in the MCImetro proceeding, the New York DPS explained that MCImetro's petition "arises from New York's decision to refrain from immersing itself in an MCI and Verizon dispute over the reciprocal compensation provisions of their interconnection agreement." See *MCImetro Order* at 5. The New York DPS also explained that the "NYPSC chose not to review the interconnection dispute because it involved contract interpretation questions turning on the FCC's use of the term 'reciprocal compensation.'" *Id.*

[24] Any filing that Petitioners make must meet the requirements of the Commission's rules governing the filing of formal complaints. See 47 C.F.R. § 1.720 *et seq.*

[25] See 47 C.F.R. § 51.801 (providing that the Commission "assume[s] the responsibility of the state commission under section 252 of the Act with respect to the proceeding or matter"). See also *Starpower Preemption Order*, 15 FCC Rcd at 11281, para. 9.

EXHIBIT 19
PAGE 5 of 6

order to incorporate the intercarrier compensation regime of the *ISP Remand Order*? (3) If it did, would that regime become effective as of June 14, 2001, on the date that the parties executed the amendment, or some other date?[26] We strongly encourage the parties to contact the Market Disputes Resolution Division of the Enforcement Bureau before filing to discuss how the proceedings before the Commission might best be handled. We also reiterate the finding in the *Local Competition Order* that the Commission retains exclusive jurisdiction over any proceeding or matter over which it assumes responsibility under section 252(e)(5).[27] Similarly, these proceedings before the Commission and any judicial review thereof shall be the exclusive remedies available to the parties.[28]

## IV. CONCLUSION

13. For the foregoing reasons, we grant Petitioners' joint petition for Commission preemption of the New York Commission over the disputes between Verizon and MFS and Verizon and Brooks Fiber and invite Petitioners to file for resolution of these disputes under 47 C.F.R. § 1.720 *et seq.*

## V. ORDERING CLAUSE

14. Accordingly, IT IS ORDERED that, pursuant to section 252 of the Communications Act of 1934, as amended, 47 U.S.C. § 252, and sections 0.91, 0.291 and 51.801(b) of the Commission's rules, 47 C.F.R. §§ 0.91, 0.291 and 51.801(b), the joint petition for Commission preemption of jurisdiction filed by Petitioners on March 20, 2003, IS GRANTED.

FEDERAL COMMUNICATIONS COMMISSION

Jeffrey J. Carlisle
Senior Deputy Bureau Chief
Wireline Competition Bureau

---

[26] Joint Petition at 7-8.

[27] *Implementation of the Local Competition Provisions in the Telecommunications Act of 1996*, CC Docket 96-98, First Report and Order, 11 FCC Rcd 15499, 16129, para. 1289 (1996) (*Local Competition Order*).

[28] 47 U.S.C. § 252(e)(6).

6

EXHIBIT 19
PAGE 6 of 6