Found Document                    Rank 1 of 1                           Database
                                                                        FCOM-FCC
2001 WL 46667 (F.C.C.), 16 F.C.C.R. 6224
(Cite as: 16 F.C.C.R. 6224)

▷

Federal Communications Commission (F.C.C.)
Memorandum Opinion and Order
IN THE MATTER OF PETITION OF WORLDCOM, INC. FOR PREEMPTION OF
JURISDICTION OF THE VIRGINIA STATE CORPORATION COMMISSION PURSUANT TO SECTION
252(E)(5) OF THE TELECOMMUNICATIONS ACT OF 1996 AND FOR ARBITRATION OF
INTERCONNECTION DISPUTES WITH VERIZON-VIRGINIA, INC.
CC Docket No. 00-218
FCC 01-20
Adopted: January 17, 2001
Released: January 19, 2001

*6224 By the Commission:

I. INTRODUCTION AND BACKGROUND

1. This Memorandum Opinion and Order addresses the petition of WorldCom, Inc. (WorldCom) for preemption of the jurisdiction of the Virginia State Corporation Commission (Virginia Commission) with respect to the arbitration of an interconnection agreement with Verizon-Virginia, Inc. (Verizon). [FN1] Specifically, WorldCom seeks preemption of the jurisdiction of the Virginia Commission pursuant to section 252(e)(5) of the Communications Act of 1934, as amended (the Act). [FN2] For the reasons set forth below, we grant WorldCom's petition.

2. Section 252(e)(5) requires the Commission to preempt the jurisdiction of a state commission in any proceeding or matter in which the state commission ""fails to act to carry out its responsibility" under section 252. [FN3] Section 252 of the Act sets forth the procedures by which *6225 telecommunications carriers may request and obtain interconnection, services, or unbundled network elements from an incumbent local exchange carrier. [FN4]

3. WorldCom filed the Virginia Arbitration Petition with the Virginia Commission on August 10, 2000, seeking arbitration of the terms of an interconnection agreement with Verizon, and requesting that the Virginia Commission determine which of two competing agreement templates would serve as the basis for the arbitration. [FN5] On September 13, 2000, the Virginia Commission issued an order expressly refusing to arbitrate the terms of the parties' interconnection agreement pursuant to the Act, offering instead to proceed with arbitration solely under state law. [FN6] In its order, the Virginia Commission indicated that the parties must seek relief from this Commission for arbitration pursuant to the Act, stating that:

[t]he parties may elect to proceed with WorldCom's arbitration under the Act before the Federal Communications Commission ("FCC") in lieu of this Commission, or the parties may pursue resolution of unresolved issues pursuant to 20 VAC 5-400-180 F 6. If WorldCom wishes to pursue this matter before the [Virginia] Commission, the proceeding before us will be deemed to be requesting our action only under authority of Virginia law and [the Virginia Commission's] Rules. [FN7]

WorldCom filed the present Preemption Petition on October 26, 2000, requesting

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 22
PAGE 1 of 7

(Cite as: 16 F.C.C.R. 6224, *6225)

that this Commission preempt the jurisdiction of the Virginia Commission over the WorldCom/Verizon arbitration proceeding.

II. DISCUSSION

4. Under the facts presented here, we grant WorldCom's Preemption Petition and assume the jurisdiction of the Virginia Commission under section 252(e)(5) to resolve WorldCom's request for arbitration of an interconnection agreement. Section 252(e)(5) directs this Commission to preempt the jurisdiction of a state commission in any proceeding or matter in *6226 which a state commission "fails to act to carry out its responsibility under [section 252]." [FN8] Here, the Virginia Commission has expressly refused to apply federal law, citing the uncertainty surrounding the availability of Eleventh Amendment immunity from federal appeal under the Act. [FN9] Specifically, the Virginia Order stated that WorldCom's pursuit of its section 252(b)(1) arbitration petition would "be deemed to be requesting [the Virginia Commission's] action only under authority of Virginia law and [the Virginia Commission's] Rules." [FN10] The Virginia Commission relied upon its reasoning in a prior order, which refused to arbitrate an interconnection agreement between Cavalier Telephone and Bell Atlantic-Virginia, Inc. under federal law. [FN11] Noting that prior arbitration decisions of the Virginia Commission were reviewed on federal appeal under section 252(e)(6), and that the Commonwealth was made a party to those appeals, the Virginia Commission further explained that it had no authority to waive the *6227 Commonwealth's sovereign immunity. Accordingly, the Virginia Commission stated that it would " not take any action in this matter that may subject the Commonwealth to federal suit." [FN12]

5. We find that the Virginia Commission's approach does not satisfy its responsibilities under section 252 of the Act. Under the scheme established by the 1996 Act, upon receipt of a section 252(b)(1) arbitration petition, "[t]he State commission shall resolve each issue set forth in the petition and the response, if any, by imposing appropriate conditions as required to implement [section 252(c)'s standards for arbitration] upon the parties." [FN13] Section 252(c), in turn, requires the state commission to ensure that its resolution of the outstanding arbitration issues meets "the requirements of section 251," including this Commission's implementing rules, as well as the pricing standards set forth in the Act. [FN14] Thus, by insisting upon arbitration pursuant to state law rather than the requirements of the Act, we find that the Virginia Commission has failed to act to carry out its responsibilities under section 252. Notably, although Verizon claims that preemption is inappropriate for procedural and policy reasons, [FN15] neither the parties nor the commenters in this proceeding dispute that the Virginia Commission failed to carry out its section 252 responsibilities. [FN16] Accordingly, we will preempt the jurisdiction of the Virginia Commission in the WorldCom/Verizon arbitration proceeding.

6. We reject Verizon's claims that preemption is inappropriate for procedural and policy reasons. [FN17] Initially, we disagree with Verizon's contention that a lack of "substantive" negotiations renders the underlying arbitration petition defective and the WorldCom Preemption Petition premature. [FN18] As Verizon notes, WorldCom served Verizon with a request to negotiate a new interconnection agreement on March 3, 2000. [FN19] At any time during the period from the 135th to the 160th day following that request, WorldCom had a statutory right to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 22
PAGE 2 of 7

(Cite as: 16 F.C.C.R. 6224, *6227)

petition the state commission to arbitrate any open issues. [FN20] In fact, the Act provides a limited window within which parties may file for arbitration of interconnection agreements. [FN21] In this case, after months of correspondence in which the parties were unable to agree on a schedule or starting template *6228 for the negotiations, [FN22] WorldCom elected to proceed with state commission arbitration on the last day of the statutory period. [FN23] We find, therefore, that WorldCom's Preemption Petition was properly filed with this Commission under section 252(e)(5). For the same reasons, we also reject Verizon's claim that the underlying Virginia Arbitration Petition was premature.

7. We also reject Verizon's claims that the WorldCom Preemption Petition should be dismissed on other procedural grounds. First, we reject Verizon's claim that WorldCom failed to comply with its statutory obligation under section 251(c)(1) to negotiate in good faith. [FN24] Although the record indicates that the parties failed to reach a negotiated agreement in the months preceding the filing of the Virginia Arbitration Petition, [FN25] we find no record evidence that WorldCom failed to negotiate in good faith. Second, we disagree with Verizon that WorldCom failed to identify, in the Virginia Arbitration Petition, the resolved and unresolved issues, and failed to describe Verizon's position on disputed issues, as required under section 252(b)(2)(A). [FN26] Based on the parties' limited discussions, WorldCom, in its Virginia Arbitration Petition, identified 40 disputed issues and attempted to describe Verizon's position on those issues. [FN27]

8. Third, although we recognize that WorldCom failed to comply with section 252(b)(2)(B) when it sought the Virginia Commission's intervention because it served Verizon with the Virginia Arbitration Petition the day after filing with the state commission, [FN28] we do not agree with Verizon that, under the circumstances of the instant proceeding, this is an appropriate basis upon which to dismiss WorldCom's Preemption Petition. We find it significant for purposes of our analysis that the Act specifies no remedy for a delay in service such as the situation presented here. In the absence of a statutorily prescribed remedy, we must use our discretion to determine what remedy, if any, is appropriate.

9. In examining section 252(b)(2)(B)'s statutory framework, we believe that the purpose of section 252(b)(2)(B)'s service requirement is to provide the opposing party with *6229 sufficient time (i.e., 25 days) in which to respond to the claims made by the petitioner in the arbitration petition. A remedy, therefore, that assured the opposing party 25 days to respond would be appropriate. Here, because Verizon's deadline to respond fell on September 4, 2000, Labor Day, Verizon in fact had the full 25-day period in which to prepare its response. [FN29] Moreover, Verizon filed its response without seeking additional preparation time, and does not allege that the delayed receipt of the arbitration petition impeded its ability to respond. [FN30] We find that a more draconian remedy, such as dismissing outright the preemption petition before us, would contravene the intent of section 252(b) -- to ensure a forum for parties to bring interconnection disputes for timely resolution. Significantly, given the Virginia Commission's stated intent not to act upon interconnection arbitrations under the Act, dismissal would be futile, and would only further delay the proceedings, contrary to congressional intent. Accordingly, we decline to dismiss WorldCom's Preemption Petition on this procedural basis.

10. Finally, we reject as outside the scope of our section 252(e)(5)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 22
PAGE 3 of 7

determination Verizon's policy claim that our assumption of jurisdiction over the WorldCom/Verizon arbitration proceeding could have "a devastating effect" on the parties' current interconnection negotiations in 20 other jurisdictions. [FN31] The WorldCom Preemption Petition concerns WorldCom's request for state commission arbitration of an interconnection agreement, and the Virginia Commission's failure to act on that request. This Commission has a statutory obligation to intervene where, as here, a state commission fails to act to carry out its responsibility under section 252. [FN32]

11. WorldCom may petition this Commission to arbitrate any open issues concerning an interconnection agreement with Verizon in Virginia. We address certain procedural issues governing arbitrations conducted by this Commission pursuant to section 252(e)(5) in a companion order. [FN33] In addition, the Chief, Common Carrier Bureau, will issue a public notice establishing procedures and a pleading schedule specific to the upcoming WorldCom/Verizon Virginia arbitration. [FN34] We reiterate the finding in the Local Competition Order that the Commission retains exclusive jurisdiction over any proceeding or matter over which it assumes responsibility under section 252(e)(5). [FN35] Similarly, any findings made by the Commission after it *6230 assumes responsibility over a proceeding, and any judicial review of such findings, shall be the exclusive remedies available to the parties. [FN36]

III. CONCLUSION

12. For the foregoing reasons, we grant WorldCom's Petition for this Commission's preemption of jurisdiction over the arbitration of its interconnection agreement with Verizon in Virginia. WorldCom may petition for arbitration of an interconnection agreement with Verizon in Virginia in accordance with the schedule and procedures established by the Chief, Common Carrier Bureau.

IV. ORDERING CLAUSES

13. Accordingly, IT IS ORDERED that, pursuant to section 252 of the Communications Act of 1934, as amended, and 51.801(b) of the Commission's rules, 47 U.S.C. § 252 and 47 C.F.R. § 51.801(b), the Petition for Commission preemption of jurisdiction filed by WorldCom, Inc. on October 26, 2000, IS GRANTED.

14. IT IS FURTHER ORDERED that authority is delegated to the Chief, Common Carrier Bureau to arbitrate the WorldCom/Verizon interconnection dispute and to approve or reject an interconnection agreement, consistent with section 252 and the Commission's rules.

15. IT IS FURTHER ORDERED that this Order is effective upon release.

FEDERAL COMMUNICATIONS COMMISSION
Magalie Roman Salas
Secretary

FN1. Petition of WorldCom, Inc., Pursuant to Section 252(e)(5) of the Communications Act, CC Docket No. 00-218 (filed Oct. 26, 2000) (WorldCom Preemption Petition); see Pleading Cycle Established for Comments on Section 252(e)(5) Petition Filed by WorldCom, Inc., CC Docket No. 00-218, Public Notice, DA 00-2432 (rel. Oct. 27, 2000). On November 13, 2000, Verizon filed an opposition (Verizon Opposition), and AT&T Corp. (AT&T) and Cox Communications, Inc. (Cox) filed comments. WorldCom, Verizon, AT&T, and Cox each filed reply comments on November 20, 2000.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 22
PAGE 4 of 7

(Cite as: 16 F.C.C.R. 6224, *6230)

FN2. 47 U.S.C. § 252(e)(5). Section 252 was added to the Communications Act of 1934 by the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Sta. 56 (1996 Act), codified at 47 U.S.C. §§ 151 et seq.
FN3. 47 U.S.C. § 252(e)(5). See, e.g., Starpower Communications, LLC Petition for Preemption of Jurisdiction of the Virginia State Corporation Commission Pursuant to Section 252(e)(5) of the Telecommunications Act of 1996, CC Docket No. 00-52, Memorandum Opinion and Order, 15 FCC Rcd 11277 (2000) (Starpower Preemption Order).
FN4. See generally 47 U.S.C. § 252.
FN5. Petition of MCI Metro Access Transmission Services of Virginia, Inc. and MCI WorldCom Communications of Virginia, Inc. for Arbitration of an Interconnection Agreement with Bell Atlantic-Virginia, Inc., Case No. PUC000225 (Aug. 10, 2000) (Virginia Arbitration Petition). By the time WorldCom filed the Virginia Arbitration Petition, the parties had spent several months unsuccessfully attempting to schedule negotiation sessions and debating which of various interconnection agreement templates would serve as the starting point for the negotiations. See WorldCom Preemption Petition at 2-5 and Exhibits 1-3 and 5; Verizon Opposition at 2-5 and Exhibits 1-4; WorldCom Reply at 5-7.
FN6. Petition of MCI Metro Access Transmission Services of Virginia, Inc. and MCI WorldCom Communications of Virginia, Inc., for Arbitration of an Interconnection Agreement with Bell Atlantic-Virginia, Inc., Case No. PUC000225, Order, at 3 (Sept. 13, 2000) (Virginia Order).
FN7. Id.
FN8. 47 U.S.C. § 252(e)(5). See also 47 C.F.R. § 51.801(b). The Commission previously has indicated that it will evaluate whether a state commission has fulfilled its responsibility under section 252 based on the particulars of each case. See, e.g., Starpower Preemption Order, 15 FCC Rcd at 11280, para. 8; Petition for Commission Assumption of Jurisdiction of Low Tech Designs, Inc.'s Petition for Arbitration with Ameritech Illinois Before the Illinois Commerce Commission, with BellSouth Before the Georgia Public Service Commission, and with GTE South Before the Public Service Commission of South Carolina, CC Docket Nos. 97-163, 97-164, 97-165, Memorandum Opinion and Order, 13 FCC Rcd 1755, 1758-59, paras. 5, 33 (1997), recons. denied, 14 FCC Rcd 7024 (1999).
FN9. Virginia Order at 1-2. Federal judicial review is the sole remedy under the Act to seek recourse for state commissions' determinations concerning interconnection agreements. See 47 U.S.C. § 252(e)(4), (6). See also Michigan Bell Telephone Co. v. Climax Telephone Co., 202 F.3d 862 (6th Cir. 2000) (state sovereign immunity barred by Ex parte Young doctrine), cert. denied, 121 S.Ct. 54 (2000) (mem.); MCI Corp. v. Public Service Commission of Utah, 216 F.3d 929 (10th Cir. 2000) (state constructively waived sovereign immunity, and Ex Parte Young doctrine allowed suit against commissioners); MCI Corp. v. Illinois Bell Telephone Co., 222 F.3d 323 (7th Cir. 2000) (same).
FN10. Virginia Order at 3.
FN11. See Virginia Order at 2 (referencing Petition of Cavalier Telephone, LLC, Case No. PUC990191, Order (June 15, 2000) (Cavalier Order)). In the Cavalier Order, the Virginia Commission explained: "We have concluded that there is substantial doubt whether we can take action in this matter solely pursuant to the Act, given that we have been advised by the United States District Court for the Eastern District of Virginia that our participation in the federal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 22
PAGE 5 of 7

(Cite as: 16 F.C.C.R. 6224, *6230)

regulatory scheme constructed by the Act, with regard to the arbitration of interconnection agreements, effects a waiver of the sovereign immunity of the Commonwealth." Cavalier Order at 3-4. We note that the Virginia Commission has repeatedly indicated that it would refuse to arbitrate interconnection agreements under the Act in the context of other petitions. See Petition of Focal Communications Corporation of Virginia, Case No. PUC000079, Final Order (Aug. 22, 2000) (Focal Order) at 1; Petition of Cox Virginia Telcom, Inc., Case No. PUC000212, Order of Dismissal (Nov. 1, 2000) (Cox Dismissal Order) at 4-5 (for the reasons stated in the Cavalier Order, the Virginia Commission "will not arbitrate the interconnection issues under federal law"); Petition of AT&T Communications of Virginia, Inc., Case No. PUC000261, Order (Nov. 22, 2000) (AT&T Order) at 2 ("Until the issue of Eleventh Amendment immunity from federal appeal under the Act is resolved by the Courts of the United States, we will not act solely under the Act's federally conveyed authority in matters that might arguably implicate a waiver of the Commonwealth's immunity, including the arbitration of rates, terms, and conditions of interconnection agreements between local exchange carriers.").
FN12. Cavalier Order at 7-8. The Virginia Commission continued: "Any party that proceeds before us shall be deemed to be requesting our action under color of the authority we are unquestionably delegated to wield -- that of the Commonwealth of Virginia ..." Id. at 8.
FN13. 47 U.S.C. § 252(b)(4)(C).
FN14. 47 U.S.C. § 252(c).
FN15. See paras. 6-10, infra.
FN16. See, e.g., WorldCom Reply at 5; AT&T Reply at 1; Cox Reply at 2.
FN17. Verizon made similar claims with respect to the underlying Virginia Arbitration Petition in a motion to dismiss. The Virginia Commission expressly took no action on Verizon's motion. See Virginia Order at 2.
FN18. See Verizon Opposition at 8-10.
FN19. Id. at 2
FN20. See 47 U.S.C. § 252(b)(1).
FN21. 47 U.S.C. § 252(b)(1).
FN22. See WorldCom Preemption Petition at 2-5, and Exhibits 1-3 and 5; Verizon Opposition at 2-5, and Exhibits 1-4; WorldCom Reply at 5-7.
FN23. See WorldCom Reply at 3.
FN24. See 47 U.S.C. § 251(c)(1); 47 C.F.R. § 51.301. See also Verizon Opposition at 8.
FN25. See supra n. 22.
FN26. See Verizon Opposition at 10.
FN27. See WorldCom Preemption Petition, Exhibit 5 (Virginia Arbitration Petition) at 7-25 (setting forth disputed issues and, to the extent known, the parties' positions on those issues). For example, WorldCom identified as Issue 11 whether, for purposes of reciprocal compensation, local traffic should include traffic to information service providers (ISPs). WorldCom stated its position that ISP traffic is local, and Verizon's position that ISP traffic is not local. Id. at 15. Similarly, with respect to Issue 20, WorldCom indicated that it has the right to require of Verizon any technically feasible method of interconnection, including a fiber meet point arrangement, jointly engineered as a SONET transmission system. According to WorldCom, Verizon would claim the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 22
PAGE 6 of 7

(Cite as: 16 F.C.C.R. 6224, *6230)

right to refuse such an interconnection arrangement. Id. at 20.
FN28. Section 252(b)(2)(B) requires a petitioning party to serve the other party with its arbitration petition "not later than the day on which the State commission receives the petition." 47 U.S.C. § 252(b)(2)(B).
FN29. WorldCom filed the Virginia Arbitration Petition with the Virginia Commission on August 10, 2000. Verizon's response was thus neither due to, nor actually filed with, the Virginia Commission until September 5, 2000, exactly 25 days after Verizon received the Virginia Arbitration Petition.
FN30. WorldCom claims it would not have opposed a request for an additional day to respond to the Virginia Arbitration Petition, had Verizon made such a request. WorldCom Reply at 8, n. 13.
FN31. Verizon Opposition at 1.
FN32. 47 U.S.C. § 252(e)(5).
FN33. See Procedures for Arbitrations Conducted Pursuant to Section 252(e)(5) of the Communications Act of 1934, as amended, Order, FCC 01-21 (rel. Jan. 19, 2001).
FN34. See generally WorldCom Preemption Petition at 9-14; Verizon Opposition at 15-17; AT&T Comments at 5-8; Cox Comments at 4-12; WorldCom Reply at 9-13; Verizon Reply at 3-5; Cox Reply at 2-12.
FN35. See Implementation of the Local Competition Provisions of the Telecommunications Act of 1996, CC Docket No. 96-98, First Report and Order, 11 FCC Rcd 15499, 16129, para. 1289 (1996) (subsequent history omitted).
FN36. See 47 U.S.C. § 252(e)(6).
 2001 WL 46667 (F.C.C.), 16 F.C.C.R. 6224
END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT 22
PAGE 7 of 7