STATE OF ALASKA

THE REGULATORY COMMISSION OF ALASKA

Before Commissioners:                     G. Nanette Thompson, Chair
                                          Will Abbott
                                          Dave Harbour
                                          Bernie Smith
                                          James S. Strandberg

In the Matter of the Investigation of the Local  )
Exchange Revenue-Requirement, Depreciation,      )   U-01-34
Cost-of-Service, and Rate Design Studies, and    )
Tariff Rate Revisions Designated as TA429-120    )   ORDER NO. 20
and TA431-120 Filed by ACS OF ANCHORAGE,         )
INC. d/b/a ALASKA COMMUNICATIONS                 )
SYSTEMS, ACS LOCAL SERVICE, and ACS              )
_____)

### ORDER GRANTING ORAL MOTION FOR CLARIFICATION AND SETTING PROCEDURAL SCHEDULE

BY THE COMMISSION:

#### Summary

We clarify that our decision granting the ACS-AN[1] motion to reopen the record[2] was limited in scope. We accepted Order U-96-78(1)[3] into the record to allow parties to evaluate how current ACS-AN depreciation rates were developed for digital circuit equipment, metallic aerial cable, metallic underground cable and metallic buried cable (the Four Accounts). We also opened the record to allow parties to explain how

---

[1] ACS of Anchorage, Inc. d/b/a Alaska Communications Systems, ACS Local Service and ACS.

[2] Order U-01-34(19)/U-01-66(8)/U-01-82(14)/U-01-83(14)/U-01-84(14)/U-01-85(14)/U-01-86(14)/U-01-87(14), dated December 16, 2002.

[3] Order U-96-78(1), dated September 29, 1997. Docket U-96-78 is titled *In the Matter of the Application by ATU TELECOMMUNICATIONS, INC. for Authority to Implement New Depreciation Rates*.

Regulatory Commission of Alaska
701 West Eighth Avenue, Suite 300
Anchorage, Alaska 99501
(907) 276-6222; TTY (907) 276-4533

1  Order U-96-78(1) should affect our decision regarding the future depreciation rates for
2  the Four Accounts. We preclude parties from expanding or supplementing their past
3  record proposals. We authorize the Hearing Examiner to hear and resolve any
4  discovery disputes consistent with our order. We set a procedural schedule for
5  prefiled testimony and hearing on the Four Accounts.

6  <u>Background</u>

7  Previously we reached a decision on depreciation rates for accounts
8  based on representations in the record regarding ACS-AN current service lives.
9  ACS-AN filed a motion[4] asking that we reopen its depreciation proceeding for the
10 limited purpose of admitting and reviewing additional evidence to revise the record
11 "current" service lives for the Four Accounts.[5] In its motion to reopen the record,
12 ACS-AN sought to revise the evidence it presented at the hearing. GCI[6] and the PAS[7]
13 opposed the motion to reopen the record.[8]

14 We granted ACS-AN's request to reopen the record. Without support in
15 the record and an understanding of the impact of the changes ACS-AN advocated, we
16 could not accept them. We noted that we might decide that a previously rejected

---

[4]*ACS of Anchorage, Inc.'s Motion to Reopen the Hearing Record to Correct Substantial Evidentiary Errors*, filed October 17, 2002.

[5]ACS-AN sought to place into the hearing record revised current lives in support of its depreciation rates for the digital circuit equipment, metallic aerial cable, metallic underground cable, and metallic buried cable accounts. It argued that Order U-96-78(1) supported the revisions.

[6]GCI Communication Corp. d/b/a General Communication Inc., and d/b/a GCI (GCI).

[7]Public Advocacy Section (PAS).

[8]GCI's *Opposition to Motion to Reopen Record* and *PAS Joinder in GCI's Opposition to ACS-ANC's Motion to Reopen the Hearing Record*, filed November 1, 2002.


EXHIBIT 24
PAGE 2 of 8

proposal offers a better method for setting ACS-AN depreciation rates than the revised "current" lives ACS-AN now supports. We accepted Order U-96-78(1) into the record in this docket and reopened the record for the limited purpose of addressing how the order might affect the depreciation rates for the Four Accounts and our past decision in Order U-01-34(15).[9] We said:

> Parties may present evidence and testimony on whether Order U-96-78(1) appropriately identifies depreciation lives relevant to our decision concerning the Four Accounts. Parties may also provide evidence and testimony regarding what depreciation rates should apply to each of the Four Accounts, including whether we should accept the "current" life as identified by ACS-AN; accept a past proposal as a more reasonable alternative to the "current" life; or stand by our previous decision regarding depreciation lives. Parties should avoid reiterating any evidence and testimony already in the record.
>
> In order to focus this proceeding, parties may not add a new proposal to the record. All proposals should have been presented with each party's direct case. We do not want to encourage parties to present incomplete cases during the hearing because they anticipate they will have the opportunity to amend them later. We also will not consider new arguments or evidence concerning salvage or concerning accounts not identified above.[10]

At the prehearing conference held January 16, 2003, a disagreement arose as to the scope of the reopened record. GCI argued the record was reopened only to correct the record and explain the significance of the changes in the context of

---

[9] Order U-01-34(15)/U-01-66(5)/U-01-82(11)/U-01-83(11)/U-01-84(11)/U-01-85(11)/U-01-86(11)/U-01-87(11), dated June 6, 2002, as clarified by Order U-01-34(16)/U-01-66(6)/U-01-82(12)/U-01-83(12)/U-01-84(12)/U-01-85(12)/U-01-86(12)/U-01-87(12), dated July 22, 2002.

[10] Id. at 6-7 (footnotes omitted).

Regulatory Commission of Alaska
701 West Eighth Avenue, Suite 300
Anchorage, Alaska 99501
(907) 276-6222; TTY (907) 276-4533

1  our depreciation decision in U-01-34(15).[11] ACS-AN argued it should be permitted to
2  introduce evidence not in the record to support the parties' positions.[12]
3          GCI and the PAS moved orally for clarification of the scope of the record
4  we allowed to be reopened.[13] The Hearing Examiner submitted the oral motion to us
5  for review.

Discussion

Scope of Hearing

        We granted ACS-AN's request to accept Order U-96-78(1)[14] and we reopened the record with the identified limitations. We permit the parties to submit basic revised testimony reflecting the corrections to service lives as requested by ACS-AN[15] and acknowledge any errors in the evidence already admitted into the record associated with Order U-96-78(1). We limit further prefiled testimony or evidence to addressing the significance of Order U-96-78(1) for the Four Accounts and our Order U-01-34(15). Additional evidence supporting proposals already in the record will not be permitted.

        We do not intend reopening of the hearing record on depreciation for the Four Accounts to lead to any discovery unrelated to the correction of the "current"

---

[11] Order U-01-34(15)/U-01-66(5)/U-01-82(11)/U-01-83(11)/U-01-84(11)/ U-01-85(11)/U-01-86(11)/U-01-87(11), dated June 6, 2002, as clarified by Order U-01-34(16)/U-01-66(6)/U-01-82(12)/U-01-83(12)/U-01-84(12)/U-01-85(12)/ U-01-86(12)/U-01-87(12), dated July 22, 2002.

[12] Tr. at 973.

[13] Tr. at 987, 1013-14.

[14] *ACS of Anchorage, Inc.'s Motion to Reopen the Hearing Record to Correct Substantial Evidentiary Errors*, filed October 17, 2002, at 3.

[15] *Id.*

Regulatory Commission of Alaska
701 West Eighth Avenue, Suite 300
Anchorage, Alaska 99501
(907) 276-6222; TTY (907) 276-4533

U-01-34(20) - (02/12/03)
Page 4 of 8

EXHIBIT 24
PAGE 4 of 8

service lives and relevance of Order U-96-78(1).[16]  We authorize and direct the Hearing Examiner to resolve discovery disputes, if they arise, consistent with this order.

Statutory Deadlines

By electronic mail through the Hearing Examiner, ACS-AN sought clarification of the statutory deadlines applicable to these proceedings.  As we said previously:

> We accepted a joint request filed by the parties requesting we bifurcate our investigation into revenue requirement (Phase I) and rate design (Phase II) issues.  Because the parties proposed and we accepted this bifurcation, the Phase II portion of this proceeding begins on the date the ACS-LECs file their cost of service and rate design studies that will be the basis for Phase II.[17]

We find that the deadline for completing Phase I is October 1, 2003.[18]  Any extension needed for completion of revenue requirements in Phase I may be made only by stipulation of all the parties.

The statutory timelines for Phase II do not begin until Phase I is complete and ACS-AN files its cost of service and rate design studies that will be the basis for Phase II.

---

[16] At the prehearing conference ACS-AN stated it would be seeking discovery of GCI's Aurora plant and its cable telephony planning as having an impact on the depreciation life plan.  Tr. at 995.  Discovery of this information is not relevant to our limited reopening of the record and will not be permitted.

[17] Order U-01-34(19)/U-01-66(8)/U-01-82(14)/U-01-83(14)/U-01-84(14)/U-01-85(14)/U-01-86(14)/U-01-87(14) at 9, dated December 16, 2002.

[18] For dockets commenced before the timelines in AS 42.05.175 were enacted, July 1, 2002, is the date specified as the date of filing.  See § 7, ch. 2, TSSLA 2002.

Procedural Schedule

At the prehearing conference, the parties submitted alternative procedural schedules depending on the scope of the reopened record. We reviewed the proposed schedules and find the length of time proposed under either proposed schedule unnecessary. We establish a schedule for prefiled testimony and discovery starting with ACS-AN's initial depreciation proposal and prefiled testimony to be filed on February 28, 2003. We schedule a hearing on June 17, 2003, for our review of the depreciation rates for the digital circuit equipment, metallic aerial cable, metallic underground cable, and metallic buried cable accounts for ACS-AN.

## ORDER

THE COMMISSION FURTHER ORDERS:

1. We grant the oral motion for clarification made by GCI Communication Corp. d/b/a General Communication Inc., and d/b/a GCI and the Public Advocacy Section at the prehearing conference held on January 16, 2003.

2. We limit the scope of the reopened record as set forth in the body of this order.

3. The Hearing Examiner is directed to hear and resolve any discovery disputes that may arise between the parties.

4. A formal public hearing for review of the depreciation rates for the digital circuit equipment, metallic aerial cable, metallic underground cable, and metallic buried cable accounts for ACS of Anchorage, Inc. d/b/a Alaska Communications Systems, ACS Local Service and ACS shall convene at 8:30 a.m. June 17, 2003,[19] in

---

[19] Any party wishing to appear telephonically at the hearing must advise us, in writing, by 4 p.m., June 3, 2003, and provide a telephone number where it may be reached for that appearance.

Regulatory Commission of Alaska
701 West Eighth Avenue, Suite 300
Anchorage, Alaska 99501
(907) 276-6222; TTY (907) 276-4533

U-01-34(20) - (02/12/03)
Page 6 of 8

EXHIBIT 24
PAGE 6 of 8

1  the East Hearing Room of the Regulatory Commission of Alaska, 701 West Eighth
2  Avenue, Suite 300, Anchorage, Alaska.[20]
3          5. By 4:00 p.m., February 28, 2003, ACS of Anchorage, Inc. d/b/a
4  Alaska Communications Systems, ACS Local Service and ACS shall file its
5  depreciation proposal and prefiled testimony.
6          6. Initial discovery for GCI Communication Corp. d/b/a General
7  Communication Inc., and d/b/a GCI, and the Public Advocacy Section closes on
8  March 21, 2003.
9          7. By 4:00 p.m., April 4, 2003, GCI Communication Corp. d/b/a General
10 Communication Inc., and d/b/a GCI, and the Public Advocacy Section shall file
11 responsive testimony and any depreciation proposals.
12         8. Discovery for ACS of Anchorage, Inc. d/b/a Alaska Communications
13 Systems, ACS Local Service and ACS closes on April 25, 2003.
14         9. By 4:00 p.m., May 9, 2003, ACS of Anchorage, Inc. d/b/a Alaska
15 Communications Systems, ACS Local Service and ACS shall file reply testimony.
16         10. Discovery for GCI Communication Corp. d/b/a General
17 Communication Inc., and d/b/a GCI and the Public Advocacy Section, limited in scope

---

[20] If you are a person with a disability who may need a special accommodation, auxiliary aid, or service or alternative communication format in order to participate in this hearing, please contact Brian Beard at 1-907-276-6222 or TTY 1-907-276-4533 to make the necessary arrangements.

1  to the reply testimony of ACS of Anchorage, Inc. d/b/a Alaska Communications
2  Systems, ACS Local Service and ACS closes May 30, 2003.

3  DATED AND EFFECTIVE at Anchorage, Alaska, this 12th day of February, 2003.

4  BY DIRECTION OF THE COMMISSION
5  (Commissioner Dave Harbour, not participating.)

8  ( S E A L )

U-01-34(20) - (02/12/03)
Page 8 of 8

EXHIBIT 24
PAGE 8 of 8

Regulatory Commission of Alaska
701 West Eighth Avenue, Suite 300
Anchorage, Alaska 99501
(907) 276-6222; TTY (907) 276-4533