IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GCI COMMUNICATION CORP., d/b/a GENERAL COMMUNICATION, INC., d/b/a GCI,<br><br>          Petitioner,<br><br>vs.<br><br>KATE GIARD, <u>et</u> <u>al.</u>,<br><br>          Respondents,<br><br>and<br><br>ACS OF ANCHORAGE, INC., d/b/a ALASKA COMMUNICATIONS SYSTEMS, ACS LOCAL SERVICE, and ACS,<br><br>          Respondent and<br>          Cross-Petitioner. | Case No. 3:05-cv-0003-RRB<br><br><br><br>**\*\*\*\*\* AMENDED \*\*\*\*\***<br>**<u>ORDER AFFIRMING THE ORDER</u>**<br>**<u>OF THE REGULATORY COMMISSION</u>**<br>**<u>OF ALASKA</u>** |

## I.    INTRODUCTION

Petitioner GCI Communications Corp., d/b/a General Communication, Inc., d/b/a GCI ("GCI"): (1) alleges that the final rates for unbundled network elements ("UNE's"), developed by Respondent and Cross-Petition Respondent the Regulatory Commission

of Alaska (the "RCA") are "exorbitant and unlawful"[1]; and (2) requests the Court to vacate the alleged unlawful portions of an interconnection agreement and require a refund of the fees already paid to Respondent ACS of Anchorage, Inc., d/b/a Alaska Communications Systems, ACS Local Service, and ACS ("ACS"), under that agreement.[2]

ACS opposes GCI's challenges to the RCA's Orders setting the final rates and terms of the interconnection agreement and maintains that the RCA properly interpreted the requirements of the Telecommunications Act of 1996 (the "Act").[3]

ACS cross-petitions, however, and requests that the Court find that the RCA violated the Act by failing to determine a final "loop rate" within a reasonable time and by failing to impose meaningful "interim relief" to ACS.[4]  In other words, ACS believes that the interim rate imposed by the RCA was too low and in place too long.  ACS requests that this matter be remanded to the RCA with directions to calculate the amount that GCI should have paid ACS from August 9, 2000, through June 24, 2004, and require GCI to

---

[1]     Docket 49 at 16.

[2]     Docket 69 at 1.

[3]     Id. at 1-2.

[4]     Id. at 2.

pay ACS for the difference between that rate and the rate actually charged during that period.[5]

In response to the aforesaid arguments, the RCA contends that all of GCI's and ACS's challenges to the RCA's orders should be rejected.[6]  RCA argues the rates established by the Commission comply with the Act and are supported by substantial evidence in the record, such that the Court should affirm the decisions of the RCA in all respects.[7]  The RCA also argues: (1) the Court has no subject matter jurisdiction over ACS's cross-appeal involving the delay issues[8]; and (2) even if it did have jurisdiction, which point the RCA does not concede, the procedure for establishing permanent UNE rates was *not* unreasonably delayed.

## II.  FACTS

Inasmuch as the facts are well known to the parties and more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

---

[5]    Id.

[6]    Id.

[7]    Id.

[8]    Id.

AMENDED ORDER AFFIRMING ORDER OF
 REGULATORY COMMISSION OF ALASKA - 3
3:05-CV-0003-RRB

## III. STANDARD OF REVIEW

"[A] district court reviewing decisions made by a state public utility commission pursuant to the 1996 Act (and the agreements resulting from those decisions) must . . . 'consider de novo whether the agreements comply with the Act and its implementing regulations . . . .'"[9]  "'To the extent that the statute requires factual findings to support the state agency's determination, those findings are reviewed for substantial evidence,'"[10] "and will be overturned if not supported by the record evidence or if arbitrary and capricious."[11]

> Additionally, an agency's decision is arbitrary and capricious if: "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not

---

[9]    Docket 49 at 15 (quoting US West Communications, Inc. v. Jennings, 304 F.3d 950, 958 (9th Cir. 2002)).

[10]    Id. at 15-16 (quoting MCI Telecommunications Corp. v. US West Communications, 204 F.3d 1262, 1266-67 (9th Cir. 2000) (citing GTE South, Inc. v. Morrison, 199 F.3d 733, 745-46 (4th Cir. 1999)) (emphasis added)).  "Under the substantial evidence standard, a reviewing court must affirm a State commission's factual findings if they have 'substantial support in the record as a whole.'" Docket 69 at 22 (citation omitted).

[11]    Id. at 16 (citing US West Communications v. MFS Intelenet, Inc., 193 F.3d 1112, 1117 (9th Cir. 1999)).

be ascribed to a difference in view or the product of agency expertise."[12]

## IV. DISCUSSION

### A. The RCA's Findings Are Supported by Substantial Evidence.

The Court <u>must</u> uphold the RCA's findings if they are supported by "substantial evidence."[13] They are. Indeed, the parties' written briefs, in combination with the arguments set forth at the hearing hereof, show that both the interim and permanent UNE rates established by the RCA <u>were</u> supported by "substantial evidence."[14]

### B. The Court Has Jurisdiction over ACS's Alternative Claim of Unreasonable Delay.

Moreover, inasmuch as "ACS agrees that the FCC <u>does</u> have exclusive authority over the RCA's alleged failure to act within the statutory nine-month deadline and that the FCC's ruling against [ACS] on that specific issue is binding with respect to ACS's claim

---

[12]    <u>Id.</u> (quoting <u>Inland Empire Public Lands Council v. Glickman</u>, 88 F.3d 697, 701 (9th Cir. 1996) (quoting <u>Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983))).

[13]    <u>MCI Telecommunications Corporation v. U.S. West Communications</u>, 204 F.3d 1262, 1266-67 (9th Cir. 2000) (<u>citing</u> <u>GTE South, Inc. V. Morrison</u>, 199 F.3d 733, 745-46 (4th Cir. 1999)).

[14]    As a result, GCI's petition is hereby **DISMISSED**.

based on that deadline,"[15] the Court dismisses the issue as moot. The Court concludes, however, that it <u>does</u> have jurisdiction over ACS' alternative claim of unreasonable delay pursuant to 47 U.S.C. § 252.

**C.    The RCA's Procedure for Establishing Permanent UNE Rates Was  Not Unreasonably Delayed.**

The Court further concludes that the: (1) procedure for establishing permanent UNE rates, implemented by the RCA, was <u>not</u> unreasonably delayed[16]; (2) RCA imposed meaningful "interim relief" to ACS; and (3) permanent rates are supported by "substantial evidence."[17]

**V.    CONCLUSION**

Consequently, and for additional reasons more carefully articulated in the applicable briefs, the decisions and findings of the RCA are hereby **AFFIRMED**.  As a result, all of GCI's and ACS's challenges to the RCA's Orders are hereby **DISMISSED**.

ENTERED this 22nd day of November, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[15]    Docket 97 at 9 (emphasis added).

[16]    Indeed, the record reveals the alleged delay was largely related to: (1) ACS's actions and/or inactions; and/or (2) the ongoing flux in federal case law.

[17]    As a result, ACS's cross-petition is **DISMISSED**.

AMENDED ORDER AFFIRMING ORDER OF
 REGULATORY COMMISSION OF ALASKA - 6
3:05-CV-0003-RRB